## Montague *versus* McDowell.

| | |
|---|---|
| 99 | 265 |
| 126 | 419 |
| 126 | 423 |
| 126 | 424 |

1. Where judgment is entered upon a judgment note, including usurious interest, and some time afterwards a new judgment note is given in settlement of the former judgment, which is thereupon marked satisfied, the defendant cannot, upon the judgment on the new note being opened, set up as a defence pro tanto the usurious interest included in the former judgment.

2. Semble, that if the satisfying of the old and the giving of the new judgment had been simultaneous or nearly so, the court might have considered it a mere device fraudulently to conclude the debtor, and might on that ground have struck off the satisfaction and opened both judgments.

3. Since the passage of the Act of May 28th 1858, Pamph. L. 622, the taking of usury is not unlawful in this Commonwealth. The creditor may lawfully charge and receive excess of interest, though he cannot coerce its payment by suit or process, and the debtor may recover it back if the action is brought within six months after payment.

November 24th 1881. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. MERCUR, J., absent.

Error to the Court of Common Pleas of *Crawford county*: Of October and November Term 1881, No. 144.

On June 28th 1878 the plaintiff, E. J. Montague, entered judgment to April Term 1878, No. 706, against the defendant, C. A. McDowell, upon a promisssory note for

[Montague *v.* McDowell.]

$843.80 with warrant of attorney, including a five per cent. attorney's fee, making the amount $886.

Subsequently, on petition of the defendant, averring that said judgment included a large amount of usurious interest, the court made absolute a rule to open the judgment and let the defendant into a defence as to all except the sum of $423.30 admitted to be due. This amount was paid by defendant, and a plea of non assumpsit and payment with leave entered as to the balance alleged to be due.

On the trial, before Church, P. J., the defendant's evidence showed, that the note of $843.80 had been given partly in settlement of a former judgment entered to August Term 1877, No. 800, for $631.31, which was thereupon satisfied; and that this last mentioned judgment had in like manner been given in settlement of prior loans, for which a series of judgment notes had been given. The defendant testified, under objection and exception, that on the entire series of loans, interest in excess of six per cent. per annum had been charged and included in said notes, and that the said prior satisfied judgment (August Term 1877, No. 800) included a large amount of interest in excess of six per cent. per annum. Further, that the unpaid principal of all the loans since the inception of the series, together with interest at six per cent., amounted only to the said sum of $423.30, which the defendant had now paid to the plaintiff, and that the balance of the judgment in controversy ($420.50) represents excessive interest.

The plaintiff insisted that the defendant cannot, in this collateral proceeding, attack or go back of the former judgment to inquire into its consideration, whether usurious or not, and presented, inter alia, the following point:

" That under the evidence in this case the plaintiff is entitled to recover the amount of the judgment No. 800, August Term 1877, for $630.31, with interest and costs on said judgment, together whatever other consideration the jury may find was given by the plaintiff to the defendant at the time of the execution of the note in question and interest thereon, less the admitted credit of $423.31." *Refused.*

The defendant presented, inter alia, the following point: " That should the jury find that at the time of making the note on which this judgment was entered the consideration was the satisfaction of a judgment, and that the amount of such judgment was only the original with usury included, and that it was a continuance of the original lending, and that the debtor (the defendant), was still in the hands of the lender, then, in such case, the claim was still original, and the defendant can defalk the usury so included." *Affirmed.*

The court, in the general charge, said:—" In 1877 the de-

[Montague *v.* McDowell.]

fendant had given a note with warrant of attorney to No. 800, August Term 1877. The plaintiff entered judgment upon it for six hundred and thirty dollars and thirty-one cents, and the plaintiff claims that is a part of the consideration of the note now in suit, and that, being a judgment and being a part consideration of the note, you cannot go back of that note to inquire its consideration, whether usurious or not. We decline so to say. You have the right to take the series of loans from the beginning made by the plaintiff to the defendant, and if you find any usury connected with it you have a right to abate it from the plaintiff's claim in this suit. The precise question we now decide has not been decided in this Commonwealth to my knowledge. Some decisions have been made by the Supreme Court which tend to show, in so far as the causes were then before the court that you could not inquire into the consideration of a judgment of a court of record collaterally. We have no intention of negativing that theory or that decision.

"We say to you that when a creditor lends money from time to time to an individual, who of course thereby becomes his debtor, adds usury, takes usury, and takes notes for interest and enters them up and renews them from time to time, and then satisfies the judgments, it does not prevent the defendant from giving in evidence the transaction from its inception. Otherwise the judgment of a court of record would be prostituted to the very basest of purposes. A man might loan an individual one hundred dollars for a year or a shorter time and take his judgment note for two hundred dollars, which would be enormous usury and enter the judgment up, the next day satisfy the judgment, and take a new note. For a court to hold that you could not reach the note, because the bearer had entered it up, and satisfied it himself, would be a prostitution of the courts for the very basest of purposes—the purpose of protecting usury and assisting in the violation of law. When it is suggested that it is contrary to the policy of the law to attack judgments or to attack the consideration of judgments, when they are not paid, but simply when new notes are given and lesser security taken, it does not seem to us to be any more contrary to the policy of the law than it would be to connive at taking usury for the loan of money, whether it be one per cent., one hundred per cent., or one thousand per cent.

"We instruct you that this defendant can reach the very inception of these transactions."

Verdict for the plaintiff, for $93.76, and judgment thereon. The defendant took this writ of error, assigning for error the answers to the points above given, and the portions of the charge quoted.

[Montague *v.* McDowell.]

*W. R. Bole* (*A. J. Harper* with him), for the plaintiff in error.—A judgment, whether entered by confession on warrant of attorney or on a verdict, is conclusive in all collateral proceedings. It is settled that when an original judgment *is* revived after the payment of usurious interest thereon, without allowing credit for such payment, the defendant cannot, upon an execution or in any other proceeding, avail himself of the defence of usury. The judgment of revival standing unopened is conclusive: Rutherford *v.* Boyer, 3 Norris 347; Federal Insurance Co. *v.* Robinson, 1 Norris 357; Hopkins *v.* West, 2 Norris 109. So where a bond was given for a debt and usurious interest thereon, it was held that a judgment obtained on a mortgage given as security for the bond was conclusive, and that usurious interest paid by defendant in settlement could not be recovered back: Carlisle *v.* Bindley, 8 W. N. C. 69. The principle of those decisions rules this case.

*Thomas Roddy*, for the defendant in error.—By the policy of the law and numerous decisions, the taint of usury in an original transaction of loan runs through a series of renewals, and the defendant can, in a suit upon the last note, defalk the entire usury: Campbell *v.* Sloan, 12 P. F. Smith 481; Miller *v.* Irwin, 4 Norris 376; Macungie Savings Bank *v.* Hottenstein, 8 Norris 328; Heath *v.* Page, 12 Wright 132. If the simple device of entering an office judgment by confession on any note in the series, and satisfying it on the giving of a new note, estops the defendant from setting up the usury in the satisfied judgment, it enables usurers to evade the above doctrine. We do not attack the conclusiveness of the 1877 judgment. We simply respond to the demand in the suit on the last note that it is made up of several usurious renewals. The fact that on one of the former judgment notes the creditor had entered judgment and afterwards satisfied it, does not affect the case. That judgment was made up of the same loans that went into the making up of the last note, on which this judgment was entered and opened. When the former judgment was satisfied it was wiped out of existence. Its temporary existence does not change the continuing nature of the transaction.

Chief Justice SHARSWOOD delivered the opinion of the court, January 2d 1882.

A judgment confessed by warrant of attorney is as perfect a judgment as if rendered upon the verdict of a jury after a trial. The court will, however, in such a case, upon the defendant showing a good defence in law or equity, open it and allow him an opportunity to controvert the cause for which it was entered before a jury. In no other respect is there any

[Montague *v.* McDowell.]

difference, and a judgment confessed is conclusive, and cannot be attacked collaterally by the defendant: Braddee *v.* Brownfield, 4 Watts 474; Hageman *v.* Salisberry, 24 P. F. Smith 280. This rule has been expressly held to be applicable to a case where excessive interest was set up as an answer to the judgment collaterally: Rutherford *v.* Boyer, 3 Norris 347. In Hopkins *v.* West, 2 Norris 109, a judgment was confessed which included a greater rate of interest than six per cent., and on it the same rate continued to be paid. Afterwards the defendant paid the amount of the judgment and it was satisfied of record. He then brought an action to recover back the excess, and it was held by this court that while he could recover the money paid beyond six per cent. subsequent to the judgment, he was precluded from going behind it and recovering that which was included in it.

That case, we think, cannot be distinguished from the one presented on this record. Here the judgment confessed November 2d 1877 was paid and satisfaction entered June 28th 1878. It was not indeed paid in money, but it was paid in law. The notes upon which it was entered were surrendered, additional notes for new debts taken, and a new judgment—the one in question —was entered for the whole amount. Satisfaction was entered on the old judgment, which, no doubt, was part of the arrangement. It cannot be doubted that in law the old judgment was paid. If there had been any fraud or mistake in the transaction the defendant might have taken a rule to strike off the satisfaction, open the judgment and let him into a defence. The new excess of interest entering into the new judgment was no doubt a defence after it had been opened, but as to the old judgment the defendant was precluded. He had full opportunity from November 1st 1877 to June 28th 1878 to have applied and had the old judgment opened. He did not avail himself of it. If the satisfying of the old and the giving of the new judgment had been simultaneous or nearly so, the court might have considered it a mere device fraudulently to conclude the debtor, and on that ground have struck off the satisfaction and opened both judgments; but as long as the old judgment stood unopened and unreversed it was conclusive upon the defendant that he owed the debt, and it would be a dangerous precedent which would shake this rule on account of the hardness of a particular case.

It is to be remembered in all discussions upon the subject of interest, that what used to be and still is called usury, is not now unlawful in this state—as it was, prior to 1858. By the Act of 28th May of that year, Pamph. L. 622, the penalty previously imposed for taking more than the prescribed rate was repealed. The creditor may lawfully charge and receive the excess, though

he cannot coerce its payment by suit or process, and the debtor may recover it back if the action is brought within six months after payment.

Judgment reversed and venire facias de novo awarded.