STURGIS NATIONAL BANK v. JOT J. SMITH ET AL.

No. 606.

1. **Attorney Fees.**—The fact that a provision in a note for the payment of 10 per cent attorney fees was inserted for the sole benefit of the payee, and not with any purpose of paying the amount to an attorney. does not affect the legality of the demand for such fees, and their amount may be properly included in a subsequent note given in lieu of the former one.

2. **Usurious Note—Deduction of Interest.**—Where an usurious note is given for another usurious note, the payee can recover only that part of the principal sum which would be left after cutting out all the interest embraced in the note, and any payments which may have been made should not be applied to extinguishing usurious interest, but to the lessening of the legal demand.

3. **Same—Application of Payments.**—Payments made and directed to be applied to other notes should not be treated as payments upon the note sued on, unless they constituted a part of the same usurious contract, and were executed for the amount of the usurious interest.

4. **Usury—Estoppel.**—That the makers of an usurious note agreed not to plead usury will not estop them from doing so.

5. **Practice on Appeal—Conclusions of Fact.**—The Courts of Civil Appeals, under Acts of 1892, page 31, section 31, are not required to file conclusions of fact in cases which are reversed and remanded.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*McKinnon & Carlton*, for appellant.—1. Where a note provides for an attorney fee, and the contingency on which the attorney fee is to accrue has happened, the amount provided for becomes a part of the original debt and a fixed demand against the maker, and the disposition that the owner of the note may intend to make of the attorney's fee is not a matter of inquiry on the suit on the note. Martin-Brown Co. v. Perrill, 77 Texas, 199; Stansell v. Cleveland, 64 Texas, 660; Simmons v. Terrell, 75 Texas, 275; Morrill v. Hoyt, 83 Texas, 59; Kendall v. Page, 83 Texas, 131; King v. Robinson, 2 Wills. C. C., sec. 556.

2. The note having been sued on, and defendants having had the opportunity to answer and make their defense of usury, but having elected to procure a dismissal of the suit, and said suit having been dismissed at their instance and for their benefit, their contract, upon consideration, to pay the full amount of the note, principal, interest, and attorney fees, and to waive all defenses, should be held to be a binding obligation. The suit instituted and the contract by reason of which it was dismissed was res adjudicata of the question of usury. Henry v. Sansom, 21 S. W. Rep., 69; Thompson v. Lester, 75 Texas, 521; Henderson v. Terry, 62 Texas, 281; Nicholls v. Dibrell, 61 Texas, 539; Ellis v. Mills, 28 Texas, 584.

3. The defense of usury is a personal privilege and may be waived, either impliedly, as by failure to plead it, or by express contract, unless such contract of waiver is entered into under such circumstances as to make it a device to cover usury. Harrison v. Bank, W. & W.

C. C., sec. 375; Mosely v. Smith, 21 Texas, 441; Aikin v. Bank, 16 S. W. Rep., 757; Stout v. Bank, 69 Texas, 384; De Wolf v. Johnson, 10 Wheat., 368; Drake's Exr. v. Chandler, 98 Am. Dec., 762.

4. Where money has been paid to a national bank as interest on an usurious contract, this money so paid can not be recovered by the payor of the note in a suit brought by the bank on the note, nor can the payor have it credited on the principal sum due. Bank v. Dearing, 91 U. S., 29; Barnett v. Bank, 98 U. S., 555; Dreisbach v. Bank, 104 U. S., 52; Walsh v. Mayer, 111 U. S., 31; Stephens v. Bank, 111 U. S., 197; Carter v. Carusi, 112 U. S., 478.

*West & Smith* and *L. B. Davis,* for appellees.—1. All payments of interest on an usurious contract will be applied to the payment of the principal sum due on said contract. Wear v. Bennett, 16 Texas, 807; Stanley v. Wastrop, 16 Texas, 201; Mitchell v. Napier, 22 Texas, 120; Bank v. Wayburn, 81 Texas, 57; Miles v. Kelly, 25 S. W. Rep., 724; Building and Loan Assn. v. Biering, 25 S. W. Rep., 622.

2. While payments of interest on an usurious contract can not be recovered as a counter-claim or as a setoff, such payments of usurious interest are by the court to be applied as payments on the original amount due on such contract, without interest.

3. Under the Constitution and statutory law of this State on the subject of usury, one who enters into a contract to pay usurious interest can not waive or contract away his right to insist that such contracts bear usurious interest, and his right to plead the same in bar of any recovery of interest on said contract. Miles v. Kelly, 25 S. W. Rep., 724; 7 Wait's Act. and Def., 631; 22 Hun (N. Y.), 264.

FINLEY, ASSOCIATE JUSTICE.—The verdict of the jury is for a less sum than plaintiff was entitled to, and this error will require a reversal of the judgment and the remanding of the cause for another trial. We will not pass upon the several assignments of error, as such, in the opinion; but will indicate our views upon the points in the case sufficient for the purpose of another trial.

The different phases of the defense set up to the 10 per cent attorney's fees constitute no legal bar to a recovery upon that portion of the contract, and plaintiff's exceptions thereto should have been sustained. The contract in express terms provided for the payment of an additional sum of 10 per cent for attorney's fees, if collected by law, or placed in the hands of an attorney for collection. The parties had the legal right to so contract, and upon the happening of the contingency upon which the stipulated attorney's fees were made to depend, the obligation became absolute, and such additional sum became a part of the sum due. It would not affect the legality of the demand if it were true, as alleged by defendants, that the provision was inserted in the contract for the sole benefit of plaintiff, and not with any

purpose of paying that amount for the service of an attorney. If the plaintiff could and did obtain the service of an attorney free, that fact would not relieve defendants of their obligation. For the general principles applying to this obligation, see the following authorities: Martin-Brown Co. v. Perrill, 77 Texas, 199; Stansell v. Cleveland, 64 Texas, 660; Simmons v. Terrell, 75 Texas, 275; Morrill v. Hoyt, 83 Texas, 59; Kendall v. Page, 83 Texas, 131; Miner v. Bank, 53 Texas, 559; Durst v. Swift, 11 Texas, 273; Yetter v. Hudson, 57 Texas, 604; Eakin v. Scott, 70 Texas, 442.

If the note sued upon was, as alleged, usurious, and was given as a renewal of another usurious obligation, and embraced usury in the principal sum, then the plaintiff was only entitled to recover that part of the principal sum which would be left after cutting out all the interest embraced in the note; and in addition, 10 per cent on the principal thus ascertained, less the payments made upon the note. Any payments which were made to be applied to this note should not be applied to extinguishing usurious interest, but to the lessening of the legal demand. 18 Texas, 807; 16 Texas, 201; 22 Texas, 120; 81 Texas, 57; 25 S. W. Rep., 724; Id., 622.

Payments made and directed to be applied to other notes should not be treated as payments upon the note sued on, unless they constituted a part of the same usurious contract, and were executed for the amounts of usurious interest. If they were executed alone for that purpose, such payments should be applied to the extinguishment of the legal demand. The fact that separate obligations were executed for the usurious demand would not render them legal obligations, nor justify the court in making other than a legal application of the payments.

If the note sued on was given in renewal of another usurious note, and this illegal feature of the contract was contained in the new obligation, no interest whatever should be allowed upon the principal sum actually due under the original contract, nor under the new contract. If any consideration other than the principal and interest embraced in the old note entered into the new obligation, and it was of a definite and legitimate character, a recovery therefor should be allowed. If, as is contended, the principal of the new obligation embraced 10 per cent attorney's fees which had become due under the first note, then that would constitute a part of the legal demand, which plaintiff could legitimately enforce.

The contention of plaintiff that defendants are estopped to plead usury is not well founded. It is not sought to recover the penalty against the bank provided by act of Congress, and the authorities cited to support the contention do not determine the question. Had the makers of the usurious obligation, at the time of its execution, or afterwards, executed a separate obligation not to plead usury, we do not think it could be successfully urged as an estoppel. It would furnish too ready a mode for the evasion of the grave provisions of our

organic and statutory law.   Miles v. Kelly, 25 S. W. Rep., 724.   The action of the court in sustaining exceptions to plaintiff's plea of estoppel was correct.

Upon another trial, the court should direct the jury, if the evidence should show the contract to be usurious, to deduct all of the interest, and then give a verdict for the plaintiff for the balance shown to be due by the terms of the contract, less the payments made thereon.

*Reversed and remanded.*

Delivered January 23, 1895.


### ON MOTION FOR REHEARING.


FINLEY, ASSOCIATE JUSTICE.—Appellant asks this court to file conclusions of fact and law, in addition to the written opinion heretofore rendered.   The request is based upon the ground that a writ of error will lie, and that in such event it is entitled to conclusions of fact and law by this court.

The Act of the Twenty-second Legislature (called session), page 31, section 31, is as follows:  "After a cause is decided in the Court of Civil Appeals, a conclusion of the facts and law of the case shall be filed in said cause within thirty days after the decision of the same ; *provided*, it shall not be necessary to file said conclusion in causes in which no writ of error will lie to the Supreme Court; but where a cause is reversed, then the court shall file the reason for reversing the same."

We do not think that the law contemplates that we shall file conclusions of fact in cases which are reversed and remanded for another trial.   It is only required in such a case, that we shall "file the reasons for reversing the same."   This duty we have performed in a manner and to an extent satisfactory to this court.

Where the decision of this court makes a final disposition of the case, we always file conclusions of fact, and are disposed to make additional findings at the request of counsel when the record justifies it.

The motion is overruled.

*Overruled.*

Delivered March 20, 1895.