## LLANO GRANITE & MARBLE CO. v. HOLLINGER et al.

(Court of Civil Appeals of Texas. Galveston. May 24, 1912.)

1. CONTRACTS (§ 284*) — PERFORMANCE—APPROVAL OF ARCHITECT.

Where extra work under a building contract and work not done in accordance with the plans and specifications was done by the subcontractor under the direction and by the order of the owner, the general contractor, and a superintendent appointed by them, and by the architect to superintend the work during the architect's absence, the subcontractor was entitled to recover therefor, regardless of a provision of the contract that alterations in the work should be made on the order of the architect, which order should state the amount to be paid therefor, and that in case of disagreement the amount should be submitted to arbitration, especially where it did not appear that there had been any failure to agree, but merely that the owner and general contractor refused to pay.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1310, 1312–1316, 1326–1338, 1340–1342, 1344–1346, 1350, 1351; Dec. Dig. § 284.*]

2. CONTRACTS (§ 284*) — PERFORMANCE—APPROVAL OF ARCHITECT.

Where a person appointed to superintend the work under a building contract in place of the architect was not recognized and accepted by the contractor, he could not recover the balance due on the contract price without obtaining the architect's certificate or showing a valid excuse for his failure to obtain it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1310, 1312–1316, 1326–1338, 1340–1342, 1344–1346, 1350, 1351; Dec. Dig. § 284.*]

3. APPEAL AND ERROR (§ 1040*)—DISPOSITION—REVERSAL.

An error in sustaining a general demurrer to a petition requires a reversal of the judgment, although special exceptions or demurrers were properly sustained, unless such special demurrers amounted in law to a general demurrer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

Appeal from District Court, Orange County; W. B. Powell, Judge.

Action by the Llano Granite & Marble Company against Job Hollinger and another. From a judgment for defendants on demurrer, plaintiff appeals. Reversed and remanded.

Holland & Holland, of Orange, for appellant.

REESE, J. This is an action by the Llano Granite & Marble Company against Job Hollinger and the Lutcher & Moore Lumber Company upon a builder's contract. The defendants interposed a general demurrer and several exceptions, some of which

---

are in legal effect general demurrers, the particular grounds of which are stated, pointing out the absence of allegations of facts necessary to a recovery. The general demurrer and all the several exceptions were sustained, and, the plaintiff declining to amend, judgment was rendered for defendants, from which plaintiff appeals.

As we have concluded that the judgment should be reversed and the cause remanded, we will merely in this opinion state the reasons for reversal. Article 1039, R. S.; Sturgis Nat. Bank v. Smyth, 9 Tex. Civ. App. 540, 30 S. W. 678. We have not the benefit of briefs for appellees, and can only gather from the entire petition and the tenor of the special demurrers any idea of the grounds upon which the court sustained the general demurrer.

[1] The provisions of article XII of the contracts (being identical in each) with regard to submission to arbitration only apply to those matters set out in articles III and VII of the contracts. Article III refers to alterations made in the work on the order of the architect, which order, it is provided, shall state the amount to be paid or allowed for such alteration; and it is provided that if the contractor (that is, plaintiff) and the general contractor (that is, defendant Hollinger) cannot agree as to this amount, the same shall be submitted to arbitration. The only part of the work made the basis of appellant's suit, that comes under this clause of the contract or can be held to be so included, is stated in the petition to have been done under the express direction of the defendant Lutcher & Moore Lumber Company, the owner, Job Hollinger, the general contractor, and the superintendent, who, it is alleged, had been chosen by them, and by the architect, without consulting appellant, the contractor to superintend the work; the architect being absent from the state. If these allegations be true, and if this superintendent had such broad powers as are stated in the petition, and appellant was required to do any extra work, or change the work in any way, by the express direction of the appellees and their superintendent, as it was impossible, so it was unnecessary, to get the order of the architect for changes ordered to be made by appellees. They would be estopped to set up that work expressly ordered by them to be done should have been done only by order of the architect, and, as it was not done by order of the architect, the failure to agree upon the amount to be paid or allowed therefor was not required to be submitted to arbitration under the facts alleged in the petition. And, in addition, it does not appear from the allegations

148 S.W.—22

of the petition that there had been a failure to agree as to the amount to be paid. It only appears that appellees had refused to pay.

[2] Appellant seeks to recover the balance alleged to be due on the contract price, and, in addition, pay for time, labor, and money expended and expenses incurred by it for tearing down and doing over certain work, and for work done not in accordance with the plans and specifications furnished him, and as to each of these items it is alleged that the work done and changes made were under the immediate direction and by the order of Lutcher & Moore Lumber Company and Hollinger and their superintendent. If these facts be true, the petition, as to these matters, states a good cause of action, without regard to those provisions of the contract with regard to the architect's certificate and the submission to arbitration. The third special exception, styled first in appellant's second assignment of error, appears to us to be well taken, in so far as it applies to the claim for the balance due on the contract price for the work done under both contracts. Although the superintendent of the work and agent to represent the architect named in the contract was imposed upon appellant, according to the averments of the petition, without consulting him, it does appear that such person was recognized and accepted by appellant without objection as the representative of the architect, and as to the balance due for the work, provided for by the terms of the contracts, which required the architect's certificate as a prerequisite to the demand for payment, appellant should have either obtained such certificate or alleged some valid excuse for not having done so. The other special exceptions embraced in the assignments of error and the general demurrer were improperly overruled.

For the error indicated, the judgment is reversed, and the cause remanded.

A proper brief by appellees was absolutely necessary in this case to a clear understanding of the grounds of the general demurrer, and without it we have been unable to state more definitely and clearly the errors committed in sustaining the general and special demurrers. What we have said refers only to the general demurrer and those special demurrers embraced in the assignments of error.

[3] If any of the special exceptions or demurrers were properly sustained, the error in sustaining the general demurrer would require a reversal of the judgment, unless in fact such special demurrers amounted in law to a general demurrer.

Reversed and remanded.