## Begelfer v. Rhoads.

*Wickersham & Neely*, for plaintiff; *S. Duncan Wylie*, for defendant.

WICKERSHAM, J., Oct. 3, 1928.—In his amended bill the plaintiff sets forth, *inter alia*, that he is the owner of a certain tract of land, situated in the City of Harrisburg; that in 1922 he borrowed from the defendant $22,000, giving in payment therefor his mortgage and accompanying bond, payable five years from the date thereof; that the plaintiff paid to the defendant, periodically, quarterly instalments of interest on the full sum of $22,000; that the plaintiff, notwithstanding the fact that he gave a mortgage to the defendant for $22,000, received from the defendant only $20,000, the defendant charging said plaintiff a bonus of $2000 for the loan of the money secured by the mortgage and bond; that because of pressing claims of creditors, the plaintiff was compelled to receive only the sum of $20,000 as the proceeds of the mortgage; that the plaintiff sold the properties described in the mortgage, but the vendee did not assume and agree to pay the amount due thereon; that by reason of the non-assumption of the payment of the indebtedness secured by said mortgage, the plaintiff became liable to pay said defendant, and unless relief is granted to him in this proceeding, he will be obliged to pay the said sum of $2000 charged as a bonus; that no *scire facias* has been issued upon said mortgage and the defendant has not obtained judgment on his bond. The plaintiff, alleging he has no adequate remedy at law, prays for equitable relief. A copy of the mortgage is attached to the plaintiff's bill of complaint.

The defendant filed his answer, setting forth preliminary objections to the amended bill of complaint under Rule No. 48 of the Rules of Equity Practice adopted by the Supreme Court.

The defendant's first preliminary objection is that "the plaintiff is not entitled to equitable relief, and if he is entitled to any relief, it is at law, where a full, complete and adequate remedy may be had." It is not alleged in the bill of complaint that the mortgage was obtained by fraud, accident or mistake, the only claim being that there was usury in the loan.

The rate of interest and the law relating to usury in Pennsylvania is governed by the Act of Assembly approved May 28, 1858, P. L. 622, which provides:

"Section 1. . . . That the lawful rate of interest for the loan or use of money, in all cases where no express contract shall have been made for a less rate, shall be six per cent. per annum; and the first and second sections of the act passed second March, one thousand seven hundred and twenty-three, entitled 'An Act to reduce the interest of money from eight to six per cent. per annum,' be and the same is hereby repealed.

"Section 2. That when a rate of interest for the loan or use of money, exceeding that established by law, shall have been reserved or contracted for, the borrower or debtor shall not be required to pay to the creditor the excess over the legal rate; and it shall be lawful for such borrower or debtor, at his option, to retain and deduct such excess from the amount of any such debt; and in all cases where any borrower or debtor shall heretofore, or hereafter, have voluntarily paid the whole debt or sum loaned, together with interest exceeding the lawful rate, no action to recover back any such excess shall be sustained in any court of this Commonwealth, unless the same shall have been commenced within six months from and after the time of such payment: Provided always, That nothing in this act shall affect the holders of negotiable paper, taken *bona fide* in the usual course of business."

This act has been interpreted by many decisions, from some of which we will quote. In Heath *v.* Page, 63 Pa. 108, it was held: "Excess of interest over 6 per cent. is the money of the borrower, which, when received by the lender, he cannot retain, but holds for the use of the borrower, and *assumpsit* will lie for it."

The Act of 1858 was passed to regulate the rate of interest among the people and to change the odious system of forfeitures existing under the old law. Under the new act, any lender may receive more than 6 per cent. interest without any penalty or forfeiture, subject only to have it recouped or reclaimed by the payor. If this be not done, the party receiving the interest can hold it lawfully: Bosler *v.* Rheem, 72 Pa. 54, 56. The Act of May 28, 1858 (Usury), applies only to the parties to the transaction, it being at the election of the borrower whether he will withhold the excess or recover it back within the time limited: Miners' Trust Co. *v.* Roseberry, 81 Pa. 309. A man who has, in good faith, contracted to pay more than 6 per cent. has committed no violation of any law and is not bound to repudiate his contract. The Act of May 28, 1858, P. L. 622, made a radical change in the law, but the adjudications under the former statute were not quickly effaced from the judicial mind: Lennig's Appeal, 93 Pa. 301, 305, 307. When there is a payment of usurious interest for the forbearance of a loan or debt, the right to retain and deduct such excess continues until the whole is paid. It is only when the whole amount and illegal interest has been voluntarily paid that no suit to recover it back will lie after six months: Rutherford *v.* Boyer, 84 Pa. 347, 349; Appeal of Second National Bank of Titusville, 96 Pa. 460, 463. The fact that a debtor voluntarily paid more than 6 per cent. interest, and made a settlement on that basis, does not preclude him from setting up the defense of usury to an action brought to enforce such settlement: Marr

*v.* Marr, 110 Pa. 60; Assigned Estate of Selser and Brother, 141 Pa. 529; Stayton *v.* Riddle, 114 Pa. 464. Under the old statute, as under the English statutes, usury consisted in taking more than the legal rate of interest for the loan of money, and was, in some sort, a public offense punishable by an action *qui tam.* Commenting upon the Act of 1858, it was said by Mr. Justice Paxson in Appeal of Second National Bank of Titusville, *supra:* "At that time the taking of more than six per cent. interest was unlawful, and subjected the lender to a penalty. It is not so now. . . . It is not, therefore, now unlawful for a debtor to pay and a creditor to receive more than six per cent."

Quoting from Montague *v.* McDowell, 99 Pa. 265, Mr. Justice Sharswood said: "It is to be remembered in all discussions upon the subject of interest that what used to be and still is called usury is not now unlawful in this State—as it was prior to 1858." See Com. *v.* Hill, 46 Pa. Superior Ct. 505, 508, 509; Stout *v.* Stern, 89 Pa. Superior Ct. 479.

We think, therefore, that the plaintiff in this case has a complete and adequate remedy under said Act of May 28, 1858, and his rights were not in any way impaired by his conveyance of the property covered by the lien of the mortgage. He still has his remedy. If the defendant seeks to collect the mortgage from him by *scire facias*, he may defend upon the ground that $2000 of the mortgage was charged as a bonus and, therefore, usurious; if the defendant should file his bond and attempt to collect upon it from the plaintiff, the court, on proper proceedings, would open the judgment in order to allow the defendant to defend as provided in the Act of 1858: Reap *v.* Battle, 155 Pa. 265.

We think equity should not assume jurisdiction of this case merely because of the presence of usury in the transaction involved, since usury is not regarded as an equitable defense and ordinarily a defense at law is adequate to prevent the enforcement of a usurious obligation. There must be other circumstances present that embarrass or prevent an adequate remedy at law or there must be some other distinctive ground of equitable jurisdiction: 39 Cyc., 1009, 27 Ruling Case Law, § 66, page 263, wherein it is stated: "A court of equity has jurisdiction to grant relief against a usurious contract only where there are circumstances connected with the transaction, aside from mere usurious agreement, which call for the interposition of the court on account of the inadequacy of the powers of a court of law to grant full and complete relief. A court of equity has, however, jurisdiction to grant a borrower relief against a usurious contract when he has no adequate remedy at law or where there are other circumstances requiring the intervention of equity." See, also, Atkinson *v.* Allen, 71 Fed. Repr. 58. We think the act of assembly provides an adequate remedy at law.

We fail to discover other circumstances present in this record that will embarrass or prevent the plaintiff from exercising the remedy provided him by law and, therefore, we conclude, and so hold, that the plaintiff has failed to establish that he is without adequate remedy at law and is entitled to appeal to equity for relief. Being of this opinion, it is not necessary for us to discuss at any length the other contentions of the defendant. We will refer to them very briefly.

The second objection on the part of the defendant to the plaintiff's bill of complaint is that it prays "for an injunction and the reformation of a written instrument and does not allege in said bill of complaint that there was any fraud, accident or mistake in the creation of said instrument." We think this contention is sound and must prevail. A deed may not be reformed unless

there is in the bill an averment of fraud, accident or mistake in the making of it or of facts in which the fraud, accident or mistake would necessarily be implied: Doyle *v.* Hollenback, 121 Pa. 322; Gump's Appeal, 65 Pa. 476.

The third objection on the part of the defendant to plaintiff's bill is that it prays for "an injunction and discovery and affirmative equitable aid in being released from liability on his bond or obligation for the payment of money which is past due, without making any tender or offer in said bill of complaint to pay the sum of money with legal interest, admitted in said bill of complaint to be due." What is there that the plaintiff seeks to discover? He knows, according to the allegations contained in his amended bill of complaint, that he paid $2000 bonus to secure the loan; he knows that he paid interest on this $2000 and alleges that it is usurious. What else is there in the case which he desires to discover? All that he owes to the defendant is the amount which he borrowed with legal interest. We fail to find anything else which the plaintiff could possibly discover, and, therefore, are of the opinion that he is not entitled to equitable relief on this ground.

Counsel for plaintiff relies very largely, in support of his several contentions, upon the decision of the Supreme Court in Duquesne Bank's Appeal, 74 Pa. 426. The ruling in that case has not been followed. We have quoted many cases in the early part of this opinion to demonstrate that the Supreme Court places an entirely different construction upon the Act of 1858 from the ruling in the Duquesne Bank's case; we cannot regard this case as authority to sustain plaintiff's contention.

We are not satisfied that the plaintiff is guilty of laches in delaying for more than six years in bringing his bill of complaint; however, we think this contention is not important, in view of the opinion which we have already expressed.

*Decree.*—The amended bill of complaint of the plaintiff is, therefore, dismissed; the plaintiff to pay the costs of these proceedings.

From Homer. L. Kreider, Harrisburg, Pa.