Leisenring et al., Appellant, *v.* Harrison.

Argued October 12, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*A. G. Dickson,* for appellants.

*Walter Biddle Saul* of *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY STADTFELD, J., January 28, 1932:

This case comes before this court on an appeal by plaintiff from the refusal of the court below to enter judgment n. o. v. in favor of plaintiff on a directed verdict in favor of defendant in an action of assumpsit. The right to a recovery by plaintiff depends on the construction of a written agreement between plaintiff's testator and the defendant.

The agreement, dated October 9, 1920, recites that Harrison, the defendant, is an applicant for U. S. letters patent for improvements in marine mines, etc., which inventions are expected to prove valuable by reason of the use thereof by the United States; that a corporation theretofore formed to manufacture and further the development of said inventions had not issued its stock to part of which plaintiff's testator would be entitled.

The agreement then provides as follows:

"1. The party of the second part agrees to pay to the party of the first part on the execution hereof the sum of twenty thousand dollars ($20,000).

"2. The party of the first part agrees to pay to the party of the second part, interest at six per cent. (6%) upon said sum until repaid; and further, in the event of payments by the United States to the party of the first part for the use of the said inventions,

said party of the first part will, from the sum or sums so received, repay the said sum of twenty thousand dollars ($20,000) with interest, to the party of the second part, and, further (in lieu of dividends which would become payable on stock, which if issued, would be granted to the party of the second part) will pay to the party of the second part in the event of payments by the United States as aforesaid the sum of five thousand dollars ($5,000) as liquidated profits.''

The agreement further provides that the defendant shall assign to Wentz, plaintiff's testator, all claims against the United States growing out of the use of the patent when issued, as security, and Wentz declared himself ''to be a trustee as to said claims for the party of the second part in that behalf to the full amount of the payments agreed by the party of the first part to be made.''

The defendant on November 15, 1927, paid to the executors of the will of Wentz, $7,616.67, being the balance due for interest on the $20,000 from the date of the agreement, and at the same time gave his promissory note to said executors for $20,000, payable on demand, subject to the terms of the agreement between Wentz and the defendant, with interest payable semi-annually. No payments have been made on the principal of the note. The present suit is for six months' interest due November 15, 1928.

The affidavit of defense alleges that the $20,000.00 advanced by Wentz to the defendant ''was not a loan, but was a purchase of an interest in joint venture,'' and that on June 4, 1928, the Court of Appeals of the District of Columbia decided that the defendant's invention had been anticipated and was not patentable, and therefore the Commissioner of Patents dismissed the defendant's application for a patent.

Upon a rule for judgment for want of sufficient affidavit of defense, judgment was entered for $66.67,

being interest from May 15, 1928 to June 4, 1928, with leave to plaintiffs to proceed to trial for the balance of their claim in an opinion by Judge TAULANE.

Upon the trial of the case, it was admitted that the defendant had no patentable invention of any kind, and, consequently, had no claim against the United States Government, or anybody else for the use of the invention, and that the defendant had never received from the United States Government, or anybody else, any sums of money whatever for the use of the invention, and that the whole thing was abandoned after the decision that defendant's invention was not patentable.

The court thereupon directed a verdict for the defendant, upon which judgment was duly entered.

The court overruled the motion for judgment n. o. v. for the reasons stated in its opinion on the rule for judgment.

The questions for decision, as stated by the learned judge, are (1) whether the words "until repaid" impose an independent and unconditional obligation to pay interest until the $20,000 is actually repaid, or whether they mean that the interest is to be paid until the $20,000 is repaid in the manner provided for in the agreement, and (2) whether the interest ceased when it was determined that the defendant had no patentable invention.

The learned judge construed the agreement as not reciting or providing that the $20,000 was a loan, and in no way obliging the defendant to repay the $20,-000, except out of payments that may be received from the United States for the use of the invention when patented, and that the words "until repaid," used in connection with the payment of interest, refer, not to an actual repayment of the $20,000 without regard to the source of repayment; but to the repayment in the manner contemplated by the agreement. That by reason of dismissal of defendant's application

for a patent, defendant is now relieved of all obligations to repay the $20,000, and that the interest ceased when that obligation terminated.

To arrive at a correct conclusion as to the nature and extent of the obligations of the agreement, effect should, if possible, be given to the each and every part thereof.

The opinion of the Court was evidently based upon the idea that no time is fixed in the agreement for the repayment of the principal, otherwise than in the event of payment to the defendant by the United States for the use of the inventions. This view can only be justified by assuming that the $20,000 advanced by plaintiff's testator was a contribution to a joint venture, and not a loan to be eventually repaid.

There is nothing in the agreement itself to support such a conclusion. Wentz had no control or direction of the expenditure of the money, and defendant assumed no obligation to account for its disbursement, or any part thereof which might be unexpended, and Wentz acquired no interest in the patents if granted. Under no circumstances, could Wentz claim more than the repayment of the $20,000, and interest, and the additional sum of $5,000 as liquidated profits in the event of payments by the United States.

The construction by the learned judge, would, if carried out to its necessary conclusion, not require even the payment of interest, except out of the moneys expected from the use of the invention.

To arrive at the conclusion adopted, we must ignore the acts of the parties, themselves, indicative of their own construction of the contract.

On or about November 15, 1927, defendant paid to plaintiff's executors the sum of $7616.67, being the balance of interest at the rate of 6% per annum on the $20,000, and gave his promissory note, providing for the payment of the $20,000 on demand, subject

to the terms of the agreement of October 9, 1920, with interest at six per cent. from date, *payable semi-annually* (italics ours.)

While it is true that the terms of the agreement became a part of this note, it should be borne in mind that at that time, no patent had been granted, and no moneys realized from the use of the invention. Nevertheless, defendant not only paid the interest accrued to that date, but obligated himself to pay interest from date thereafter semi-annually. These acts in themselves evidence a recognition by defendant of an absolute obligation to pay, irrespective of any moneys that might be received from the United States. They are inconsistent with the position that the same was payable only out of a certain specific fund.

As we construe the agreement, it was an obligation to repay the $20,000 with interest, and that the provision for the re-payment out of moneys to be received from the United States was only intended to fix a date on which the principal sum was under any circumstances to become due.

The provision for the payment of interest, as such, fortified by the provision in the note for the payment of interest *semi-annually*, implies a debt.

Interest is defined as "compensation allowed by law, or usage of trade, or fixed by contract of the parties, for the use and detention of monies." Philadelphia v. Commonwealth, 276 Pa. 12, 14; Koch v. Schuylkill County, 12 Pa. Superior Ct. 567, 572; Mack Paving and Construction Co. v. American Pipe, etc., 283 Pa. 449, 451; Words and Phrases, Third Series, Vol. 4, p. 399.

Again, in Words and Phrases, First Series, Vol. 4, p. 3707, citing Howe v. Bradley, 19 Me. 36, we find this statement: "Interest is to be regarded as incidental to debt. Principal is always debt, and the debt. Interest is accessory or incident to the principal. The principal is a fixed sum. The accessory is a constantly

accruing one. The former is the basis or substance from which the latter arises, and on which it rests.''

If the principal debt has not been discharged, then interest necessarily follows under the terms of the agreement, until the principal shall have been paid.

Even if the provision for payment of the additional sum of $5,000 as liquidated profits should, as Judge TAULANE indicates in his opinion, be deemed to be usurious, this would not effect the right to recover either principal or lawful interest. Com. v. Hill, 46 Pa. Superior Ct. 505; Seeman v. Phila. W. H. Co., 274 U. S. 403; Stout v. Stern, 89 Pa. Superior Ct. 479.

Had the parties intended to make the repayment of the principal and interest conditional upon the receipt of money to be received from the use of the invention only, it would have been a simple matter to have so stated. Not having been written into the agreement, we cannot read something into it, which does not appear therein.

Under the express terms of the agreement, the defendant was required to pay interest so long as the principal remained unpaid, and could be relieved from this obligation only by repaying the principal. Upon the refusal of the patent, the defendant was bound within a reasonable time thereafter, on demand, to repay the $20,000. This construction gives effect to each and every provision of the agreement, and does no violence to any part thereof. Any other construction would result in a forfeiture, and this should not be adopted if it can be avoided. William F. Mosser Co. v. Cherry River Boom and Lumber Co., 290 Pa. 67.

Under our construction of the agreement, the cases cited in the opinion of the learned judge and by counsel for appellee, where there was a failure of consideration, or where the basis of a contract is the continued existence of a thing or state of facts have no application.

The assignments of error are sustained, the judgment on the verdict is reversed, and judgment is here entered in favor of plaintiffs and against the defendant in the sum of $533.30, with interest from November 15, 1928.