### GENERAL AMERICAN LIFE INS. CO. v. HAMOR et al.

#### No. 4587.

Court of Civil Appeals of Texas. Amarillo. April 27, 1936.

Rehearing Denied July 3, 1936.

976

Terrell, Davis, Hall & Clemens, of San Antonio, for appellant.

B. H. Oxford, of Mission, and Royce A. Oxford, of Plainview, for appellees.

JACKSON, Justice.

On November 25, 1921, C. F. Hamor and his wife, Kate Hamor, obtained a loan of $20,000 from the Commerce Farm Credit Company, a Texas corporation, payable on December 1, 1931. They executed therefor their note, providing for interest payable annually at the rate of 6 per cent. per annum from date until maturity, evidenced by interest coupons attached thereto. This note was secured by a first mortgage lien on section 12 and the north one-half of section 29, in block D-6, in Hale county, Tex. Concurrently therewith, they executed five other interest notes, secured by a second lien on the same land, the first for the sum of $1,210, payable December 1, 1922, and each of the others for $1,200, one payable December 1st of each year thereafter.

In 1926 Hamor and wife instituted suit in the district court of Hale county against the Commerce Farm Credit Company of Dallas and the Commerce Trust Company, a foreign corporation, and sought to recover as penalty double the amount of $14,430, the usurious interest they claimed to have paid, but they sought, in the alternative, if not entitled to recover the penalty sued for, that the usurious interest paid be credited on the $20,000 note.

Some time in the latter part of 1930 plaintiffs learned that the Missouri State Life Insurance Company claimed to be the owner of the principal note and the interest coupons attached, and in April, 1931, said insurance company was made a party to the suit.

A trial in district court resulted against the plaintiffs, but on appeal the judgment was reversed and the cause remanded for a new trial. Hamor et ux. v. Commerce Farm Credit Company et al., reported in (Tex.Civ.App.) 74 S.W.(2d) 1035.

Mrs. Kate Hamor having died, her children joined their father, C. F. Hamor, as plaintiffs, and by an amended petition which, so far as is material to the disposition of this appeal, alleged the same causes of action alternatively relied on in the first trial.

No service was ever had on the Commerce Trust Company, and liability against it was not asserted in this suit.

Inasmuch as it is conceded that the transaction evidenced by the principal note, the coupons attached, and the notes secured by the second lien, together with the deeds of trust, disclose on their face a usurious transaction, we deem this a sufficient statement of plaintiffs' pleading.

On June 17, 1935, the General American Life Insurance Company, a foreign corporation, intervened, answered by general denial, and by way of cross-action alleged that it was an innocent purchaser, was the owner of the $20,000 note which was due; that plaintiffs were in default; that it had been compelled to pay taxes on the property, amounting to $1,130.94; that the note contained the usual provision for 10 per cent. attorney's fees; and prayed for judgment for its debt, the taxes advanced, statutory interest on its debt from December 1, 1931, and 10 per cent. attorneys' fees thereon.

No judgment was rendered against the Commerce Farm Credit Company or the Missouri State Life Insurance Company; hence their pleadings become immaterial.

On a trial before the court, without the intervention of a jury, plaintiffs were denied any recovery for penalties, but the court adjudged that the plaintiffs had paid usurious interest on the debt, amounting to $14,254.45, which he ordered credited on the $20,000 principal note, and for the balance thereon, $5,745.55, and the taxes paid, $1,130.49, the General American Life Insurance Company was decreed a recovery, with interest from the date of the judgment, June 17, 1935, at the rate of 6 per cent. per annum, together with a foreclosure of its liens.

The record shows that the Commerce Farm Credit Company, in January, 1922, assigned the principal note, with the interest coupons attached, and the first mortgage lien, together with the second lien interest notes and the second deed of trust lien, to the Commerce Trust Company, but no transfer of any of these instruments was placed of record in the county clerk's office of Hale county. The Commerce Trust Company retained for its own account the five second lien interest notes and the second deed of trust lien securing their payment, and on April 7, 1922, it sold the principal note, with the interest coupons attached, and the first mortgage lien, to the Missouri State Life Insurance Company, but the transfer of said instruments was executed by the Commerce Farm Credit Company, and was not filed for record in Hale county until November 1, 1933. The Missouri State Life Insurance Company sold and transferred the principal note, the coupons attached, and said first mortgage lien to the General American Life Insurance Company on October 5, 1933, and this instrument was filed for record in Hale county on November 10th thereafter.

The principal note, the coupons attached, and the interest notes were all payable at the office of the Commerce Trust Company in Kansas City, Mo.

The plaintiffs paid to the Commerce Trust Company the five interest notes secured by the second lien, which payments amounted to the sum of $5,834.45. Upon satisfaction of these second lien notes, the Commerce Farm Credit Company, on December 7, 1926, executed a release to the plaintiffs, and this instrument was forwarded to them by the Commerce Trust Company. They paid the first seven of the interest coupons attached to the principal note to the Commerce Trust Company, which payments amounted to $8,420. It is conceded, however, that in making the collection of this $8,420 the trust company was not acting for itself, but as agent for the Missouri State Life Insurance Company, and such interest payments as and when received were remitted to said life insurance company.

No interest was paid after December 1, 1928, and the General American Life Insurance Company, the appellant herein, paid delinquent taxes on the property, amounting to $1,130.94, as it was authorized to do under the provisions of its mortgage.

■ The appellant contends that the court committed error in crediting all the interest paid by plaintiffs, $14,254.45, on the principal note of which it is the owner, since the testimony, without dispute, shows that it received none of the $5,834.45 paid to the Commerce Trust Company and appropriated to its account as owner of the second lien interest notes. This contention is sustained. Hamilton v. Bill (Tex.Civ.App.) 90 S.W.(2d) 929 (writ denied); Ward v. Pace (Tex.Civ.App.) 73 S.W.(2d) 959 (writ denied); Life Ins. Co. of Virginia v. Elmo Wall et ux. (Tex.Civ. App.) 94 S.W.(2d) 541.

■ The appellant complains of the judgment of the court because it does not include the 10 per cent. attorney's fees stipulated for in the principal note, insisting that, although the loan contract provides for the payment of usurious interest, only the provisions thereof pertaining to interest are void, and it is entitled to attorney's fees on the amount of the debt it is entitled to recover.

The principal note and deed of trust securing its payment each stipulate in effect for 10 per cent. on the amount due as collection fees if default be made in the payment and suit instituted thereon. No interest was paid after December 1, 1928, the note matured December 1, 1931, and, while the plaintiffs pleaded tender of payment, the testimony is that no tender on the principal was made.

The deed of trust securing this note provides that, upon failure of the plaintiff to pay any taxes, the holder thereof may pay the same, and such payment will constitute a part of the debt. It is conceded that appellant paid taxes amounting to $1,130.94 on the property. The evidence discloses that the note was placed with attorneys for collection, that the owner thereof agreed to pay 10 per cent. attorney's fees, and the judgment should have included as attorney's fees 10 per cent. of the debt due.

Judge German, in Manning v. Christian, 124 Tex. 517, 81 S.W.(2d) 54, determined that a loan of $15,000 in renewal and extension of certain vendor's lien notes was usurious, and, after stating that the Federal Life Insurance Company, the owner of the indebtedness, "did not seek a recovery on the $15,000 note," but "sought to have the court declare such note free from usury," alleged that it was the owner of certain of the vendor's lien notes extend-

ed, and "prayed that, if it be held that the transaction involving the $15,000 was usurious, it be permitted to recover on the vendor's lien notes," says: "Some of the vendor's lien notes were apparently not barred by limitation when the Federal Life Insurance Company filed its cross-action on August 8, 1931. As to the notes against which limitation had not run, it could of course seek a recovery without invoking the renewal contract. As to those against which a plea of limitation was available at that time, if such plea were interposed, it manifestly could not recover without invoking the aid of the usurious contract. * * * It follows therefore that the Federal Life Insurance Company has open before it two courses: It may abandon the loan transaction entirely and proceed upon the antecedent vendor's lien notes, or it may choose to abandon the antecedent indebtedness and take a recovery *for the unpaid principal of the $15,000 note with attorneys' fees and 6 per cent. interest and obtain foreclosure of the deed of trust lien.* If, however, it elect to follow the first course, it cannot invoke the renewal contract as a bar to limitation, and must proceed upon the vendor's lien notes subject to the defense already pleaded as to the extinguishment of the lien, and subject to such pleas of limitation as may be asserted against that indebtedness." (Italics ours.) See, also, Ramsey v. Thomas, 14 Tex.Civ.App. 431, 38 S.W. 259; Sturgis Nat. Bank v. Smith et al., 9 Tex.Civ.App. 540, 30 S.W. 678; 66 C.J. p. 264, par. 233.

Article 5071, R.C.S., under which plaintiffs recovered, provides: "The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent. per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

This statute condemns as void the usurious interest stipulated for in the contract, but provides that "the principal sum of money or value of the contract may be received and recovered," and, in our opinion, the judgment should have included as attorney's fees 10 per cent. on the amount of the debt.

Appellant says that, since the contract to pay interest was usurious and therefore void, no specified rate of interest was agreed upon by the parties, and it is entitled to recover the legal rate of 6 per cent. per annum on the balance of the debt unpaid.

Article 5070, R.C.S., provides: "When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent. per annum shall be allowed on all written contracts, ascertaining the sum payable, from and after the time when the sum is due and payable."

Deming Investment Co. v. Clark (Tex. Civ.App.) 89 S.W.(2d) 853; Manning v. Christian, 124 Tex. 517, 81 S.W.(2d) 54; Leisenring v. Harrison, 104 Pa.Super. 379, 158 A. 631; D'Onofrio v. Galliotto et al., 118 N.J.Eq. 271, 179 A. 27. Under these authorities this contention is sustained.

The record appears to be fully developed; hence the judgment of the trial court, for the errors herein discussed, is here reformed, denying the plaintiffs credit for the $5,834.45 paid to the Commerce Trust Company on the second lien notes, but allowing them a credit of $8,420 on the $20,000 principal note owned by appellant, and adjudging appellant a recovery of $11,580, the balance due on the principal note, with interest thereon at the rate of 6 per cent. per annum from December 1, 1931; that it also have judgment for the taxes advanced, $1,130.94, with interest thereon at the rate of 6 per cent. per annum from the date on which each item comprising the taxes was paid, and 10 per cent. on the amount of the judgment so ascertained as attorneys' fees, and, as so reformed, the judgment is affirmed.