## WARD et al. v. PACE et ux.

### No. 3027.

Court of Civil Appeals of Texas. El Paso.
July 12, 1934.

Rehearing Denied July 30, 1934.

R. B. Howell, of Winnsboro, for appellants.
Bishop & Holland, of Athens, for appellees.

HIGGINS, Justice.

For the purpose of refinancing a vendor's lien amounting to $3,500 upon land in Henderson county, Pace and wife borrowed the sum stated from the Oklahoma Farm Mortgage Company, executing to such company their note for said amount, dated November 15, 1922, payable November 1, 1932, bearing interest at the rate of 7 per cent. per annum from date until maturity; the interest payable annually as evidenced by ten coupon notes attached for the appropriate amounts. The note provides that if any part of the principal or interest be not paid at maturity it should bear interest thereafter at the rate of 10 per cent. per annum payable annually. To secure the payment of the note and interest coupons Pace and wife on the same date executed a deed of trust upon the land, which contains a provision that in the event of non-payment of interest upon said note when due the said company might, at its option, declare the whole of the debt immediately due and payable and enforce the same by action or by sale under the power conferred in the deed

of trust. Contemporaneously with the execution of the instruments above mentioned Pace and wife executed in favor of said company seven notes representing an additional interest charge upon the money loaned; one being for $100.63, due November 1, 1923; the next five for $105.00 each, due November 1st of each of the years of 1924 to 1928; and the seventh note being for $71.36, due November 1, 1929. These notes provide for interest at the rate of 10 per cent. per annum from maturity. To secure the payment of these last-mentioned seven notes Pace and wife executed a second deed of trust upon the land which was subordinate to the other deed of trust. The last-mentioned notes and deed of trust contain no provision authorizing an acceleration of the maturity of the notes. On December 12, 1922, the Mortgage Company transferred the first lien note and deed of trust to the defendant, Vivian Ward, who acquired the same as a holder in due course. Pace and wife paid as they matured the interest coupons upon the $3,500 note and also paid as they matured the second lien notes. They also paid some interest charges subsequent to November 1, 1932. They later filed this suit against Mrs. Ward and her husband, setting up that the contract was usurious, and asked that all payments theretofore made be applied upon the principal of the $3,500 note; that the amount still owing be ascertained and they be permitted to redeem the land upon payment of the balance so found to be due.

Ward and wife answered by general demurrer, special exceptions, general denial, special pleas not necessary to detail, and set up a cross-action seeking to recover the principal sum of $3,500 upon the first lien note, with interest from November 1, 1932, at the rate of 10 per cent. per annum, and to foreclose the first deed of trust upon the land. Upon trial without a jury the court found the contract to be usurious and applied all payments made by the plaintiffs in reduction of the principal, leaving a balance of $348.12, and entered judgment permitting the plaintiffs to redeem upon the payment of said sum into the registry of the court and also rendered judgment in favor of Mrs. Ward for said sum with foreclosure of the first deed of trust. From this judgment Mrs. Ward and her husband appeal.

## Opinion.

■ We overrule the assignments that complain of the overruling of the general demurrer and special exception No. 2 to the petition. Under the liberal rule obtaining in testing the sufficiency of a pleading as against general demurrer, we regard the petition in this case as sufficient. Special exception No. 2 was perhaps well taken, but for the reason later stated the undisputed evidence shows the usurious nature of the transaction and that plaintiffs have a meritorious cause of action. In the state of the evidence no injury could have resulted from the action of the court in overruling such special exception. The ruling, if erroneous, should be regarded as harmless. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

■ From the statement which has been made it is shown that in the event Pace and wife failed to pay at its maturity the interest coupon maturing November 1, 1923, Mrs. Ward at her option might have declared the principal sum of $3,500 immediately due and payable and from said date the makers of the note were obligated to pay interest at the rate of 10 per cent. per annum. There also would have remained the second lien notes which Pace and wife were obligated to pay as they matured. This situation would have resulted in a contract to pay more than 10 per cent. per annum for the $3,500, the use of which sum Pace and wife had had for only one year. Under the ruling in Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269, the contract in question is usurious. The trial court correctly so held.

Other provisions of the instruments in question are also relied upon by appellees as rendering the contract usurious but we need not consider the same because the features to which we have referred plainly show the usurious vice.

■ The fact that Mrs. Ward was an innocent purchaser for value of the note does not relieve her of the consequences attaching to the usurious transaction. Gilder v. Hearne, 79 Tex. 120, 14 S. W. 1031; Dallas T. & S. Bank v. Brashear (Tex. Com. App.) 65 S.W.(2d) 288.

■ It appears the court applied, in reduction of the principal of the note held by Mrs. Ward, the payments amounting to $696.99, which had been made on the second lien notes held by the Mortgage Company. These payments were not made to or received by Mrs. Ward and the court erred in applying the same in reduction of her note. Accordingly the judgment will be corrected as follows:

The redemption privilege will be corrected so as to allow Pace and wife to redeem upon payment of $1,045.11, and the judgment upon the cross-action will be corrected so as to

award Mrs. Ward a recovery of like amount with foreclosure of her deed of trust lien.

Corrected and affirmed.