that the second note represented a *part* of the interest on the loan.

Justice Looney holds in the dissenting opinion that the provision of the $3,000 note representing the debt, and stipulating for accelerated maturity of the principal note and the collection of *accrued interest*, in the absence of an express agreement to the contrary, matures all accrued interest however evidenced; that unaccrued interest is thereby abated, thus purging the contract of the taint of usury; that the language of the second deed of trust, to wit, "that the entire debt and obligation intended to be secured herein, shall, at the option of the holder become due and payable" should not be construed to mean that the entire unpaid balance of the interest note becomes due and payable; and holds also that the intention to collect unlawful interest in the contract is imputed by construction only, and that such construction of the contract was neither a reasonable nor necessary one, and that the construction which should be placed on the contract is that it matures, and the intention was to mature, all interest *then accrued* on the second note; and that unlawful intent should not be imputed where a lawful one might just as consistently be imputed; and that where a contract is capable of two interpretations, one rendering it void, and the other valid, the latter should be adopted.

This case is controlled by Dugan v. Lewis, 79 Tex. 246, 247, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332, as approved by Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269. In view of the fact that the legal principles above enumerated as applied in the dissenting opinion have been approved in the case of Braniff Investment Company v. Robertson (Tex. Com. App.) 81 S.W.(2d) 45, not yet reported [in State reports] upon a statement of facts sufficiently kindred to invoke their application, and after a full discussion thereof, an extended discussion is not here necessary. The terms of the contract construed together reflect a studied intent on the part of the parties to avoid offending against the usury statute. The terms are reasonably and fairly explainable, as appears from the dissenting opinion, on the hypothesis of their legality, and a usurious result should not be inferred. Certainly such result should not be inferred when, to do so, the provisions of the second deed of trust must be made to render nugatory the clear stipulation of the $3,000 note, with reference to accrued interest. Shropshire v. Farm Credit Company, supra; Braniff Investment Company v. Robertson, supra; Shive v. Braniff Investment Co. (Tex. Civ. App.) 68 S.W.(2d) 564.

Defendants in error urge that the interest note is a negotiable instrument given for interest only payable at the order of the mortgage company, and that if assigned before maturity it becomes a valid obligation against the maker in the hands of an innocent assignee, and states that the purchaser, before maturity, is not required to look beyond its terms. The same contention was made in Braniff Investment Company v. Robertson, supra. It is there pointed out that under facts similar to those here involved, in which the stipulations of the notes and deeds of trust speak their meaning, as through one instrument, the question of innocent purchaser cannot arise, and that the borrower or holder is protected against both usury and a double recovery. Braniff Investment Company v. Robertson, supra.

The judgments of the trial court and Court of Civil Appeals are reversed, and judgment is here rendered in favor of plaintiffs in error that defendants in error take nothing by their suit.

Opinion adopted by the Supreme Court.

### MANNING et al. v. CHRISTIAN et ux.
### No. 1525—1793—6511.

Commission of Appeals of Texas, Sections
A and B.
March 27, 1935.

Homer L. Baughman, of Fort Worth, and Goggans & Ritchie and Robert Allen Ritchie, all of Dallas, for plaintiffs in error.

H. D. Payne, of Floydada, for defendants in error.

GERMAN, Commissioner.

This is a case of usury. A full statement of the nature and result of the suit and of the controlling facts is found in the opinion of the Court of Civil Appeals reported in 59 S.W.(2d) 234, 236. We shall therefore mention only such matters as are essential to a disposition of the decisive questions in the case.

The principal note was for $15,000 dated September 20, 1922, and due January 31, 1933. It bore interest at the rate of 7 per cent. per annum; the interest being evidenced by eleven coupons, which were to bear interest after maturity at 10 per cent. This note was secured by a first deed of trust.

Seven additional notes were executed contemporaneously with the principal note and coupons. It is agreed that these notes were for 2 per cent. additional interest on the principal indebtedness. These notes were to bear interest after maturity at 10 per cent. per annum. There is no contention that the coupons and additional interest notes, if the loan and accrued interest had been paid as contracted, were usurious. The charge of usury is based upon the accelerative provision contained in the additional interest notes. In each of these notes there is the following provision: "Failure to pay this note when due or any of the notes of this series, or any installments of interest thereon, or failure to pay the interest on said first lien note above described, or to perform any of the covenants or stipulations in said first mortgage, or the deed of trust securing the payment of this series of notes, shall, at the option of the holder hereof, *immediately mature all of said notes* and the *same* shall become due and payable *at once, without notice*." (Italics ours.)

It is true that the second deed of trust securing these seven notes provided that the holder might at his option "declare the whole of the indebtedness hereby secured due and payable," and, if this provision stood alone, we would have no hesitancy in holding that the contract was not usurious. But the vice in this contract does not arise by reason of the acceleration clause in the deed of trust, but is found in the second lien notes themselves. Again, while the second deed of trust refers to these notes as a part of the agreed interest on the principal indebtedness, the notes themselves do not on their face show that they were for additional interest. This, to our minds, tends to show that the lender, for the purpose of being able to mature all of these notes in case of default in one, designedly failed to disclose on their face that they were interest notes. This, together with the precise and positive wording of the notes themselves that the holder might mature all of said *notes*, discloses an intention to mature them and make them payable in full, even though they represented only unearned interest. Tested by the most favorable rule which we can reasonably conceive, we are unable to see how these notes can be dif-

ferentiated from the second lien notes in the case of Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W. (2d) 11, 84 A. L. R. 1269.

It follows, therefore, that the Court of Civil Appeals correctly held that this contract waas usurious and that all provisions with reference to interest were void.

Since the granting of the application in this case, the case of Dallas Trust & Savings Bank v. Brashear (Tex. Com. App.) 65 S. W.(2d) 288, has settled the question that Federal Life Insurance Company as holder of the first lien note was not an innocent purchaser without notice of the usurious character of the second lien notes.

We do not wish to be understood, however, as approving the language of the Court of Civil Appeals that, if "it lies in the power of the creditor under any supposable contingency to exact usurious interest, the loan will be condemned as usurious."

The deed of trust securing the $15,000 note contained a recital that said note was executed in renewal and extension of various vendor's lien notes. This recital, standing alone, would constitute a renewal and extension of such notes. Eight of the vendor's lien notes for $1,931.25 each were dated January 1, 1920, and they matured annually; the last note maturing January 1, 1928. There were also eight other vendor's lien notes for $387.50 each of the same dates and maturing on the same dates.

The plaintiff in error, Federal Life Insurance Company, did not seek a recovery on the $15,000 note or a foreclosure of the deed of trust lien securing that note. It merely sought to have the court declare such note free from usury and to establish the lien as a first and valid lien. In the alternative, it alleged that it was holder of six of the vendor's lien notes for $1,931.25 each and of the eight notes for $387.50 each, and prayed that, if it be held that the transaction involving the $15,000 was usurious, it be permitted to recover on the vendor's lien notes and have a foreclosure of the vendor's lien for the amount of the principal and interest due on said notes. The defendants in error, Christian and wife, did not plead limitation as to the vendor's lien notes, manifestly, however, because they were in possession of these notes and were contending that they had been taken up and the lien discharged. The trial court held that there was no usury in the contract and instructed a verdict, and for that reason no trial was had upon any of the matters pertaining to the vendor's lien notes.

The Court of Civil Appeals held that under the circumstances the Federal Life Insurance Company had waived its right to sue upon the vendor's lien notes, and further held that the lien of those notes was held by the insurance company only under the equitable doctrine of subrogation, and could not be enforced by the insurance company, because it was seeking to uphold an usurious transaction. The Court of Civil Appeals allowed the Federal Life Insurance Company a recovery for $9,216.34, balance on the $15,000 note after crediting against it all interest payments, together with attorneys' fees and 6 per cent. interest from date of judgment, with foreclosure of the deed of trust lien. The judgment of the trial court was reversed and remanded in order to allow the Federal Life Insurance Company to amend its pleadings, if it desired, and obtain this relief.

The Federal Life Insurance Company insists that the Court of Civil Appeals erred in holding that it could not proceed under its alternative plea for a recovery on the vendor's lien notes. We think this contention is correct. The Court of Civil Appeals evidently proceeded upon the theory that the insurance company had elected to not only assert the validity of the loan contract, but had made it the basis of an action for relief. As we construe the pleading, this was erroneous. The insurance company only sought to sustain the validity of the loan as against the charge of usury, but did not seek to foreclose the note or foreclose the deed of trust lien. The pleading clearly evidences an intention to abandon the renewal contract and to recover upon the prior indebtedness evidenced by the vendor's lien notes, in the event it was held that the loan was usurious.

It is obvious, however, that, when the insurance company seeks its affirmative relief, it must definitely elect as to which cause of action it will assert. In the case of Cain v. Bonner, 108 Tex. 399, 194 S. W. 1098, 1099, 3 A. L. R. 874, it was held that antecedent indebtedness is not affected by a subsequent usurious renewal, when the original indebtedness may be sued upon as an independent cause of action and the usurious transaction be abandoned. The same case holds, however, that, if the plaintiff is compelled to rely upon the new contract for a renewal of the antecedent indebtedness so as to prevent the bar of the statutes of limitation, the defense of usury applies and the plaintiff cannot rely

upon the prior indebtedness. As said in that case, "he could not avail himself of their benefits [of the new contract] without subjecting his action to the defenses which they afforded."

██ Some of the vendor's lien notes were apparently not barred by limitation when the Federal Life Insurance Company filed its cross-action on August 8, 1931. As to the notes against which limitation had not run, it could of course seek a recovery without invoking the renewal contract. As to those against which a plea of limitation was available at that time, if such plea were interposed, it manifestly could not recover without invoking the aid of the usurious contract. The case of Cain v. Bonner, supra, and others which follow it settle the proposition that, if it be necessary to resort to the new promise, even for the purpose of taking the prior indebtedness out of the bar of limitations, the suit must be upon the new obligation as constituting a cause of action, and cannot be upon the antecedent indebtedness, which represents a distinctively different cause of action. It follows therefore that the Federal Life Insurance Company has open before it two courses: It may abandon the loan transaction entirely and proceed upon the antecedent vendor's lien notes, or it may choose to abandon the antecedent indebtedness and take a recovery for the unpaid principal of the $15,000 note with attorneys' fees and 6 per cent. interest and obtain foreclosure of the deed of trust lien. If, however, it elect to follow the first course, it cannot invoke the renewal contract as a bar to limitation, and must proceed upon the vendor's lien notes subject to the defense already pleaded as to the extinguishment of the lien, and subject to such pleas of limitation as may be asserted against that indebtedness. We think that justice requires that it yet be allowed to take either course it may elect to follow, and also requires that defendants in error, Christian and wife, be allowed to avail themselves of such pleas, including pleas of limitation, as may exist in their favor.

██ In supplemental argument plaintiffs in error urge for the first time the proposition that there was error in allowing application of payments of usurious interest to the principal indebtedness. They contend that the statutory remedy provided by article 5073 of the Revised Statutes allowing a recovery of double penalty is exclusive. If this were an open question, the able argument of counsel would merit serious consideration. It is held to the contrary, however, in the case of People's Building, Loan & Saving Association v. Bessonette (Tex. Civ. App.) 48 S. W. 52, in which case writ of error was refused. The question was exhaustively discussed in the case of Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363, and it was there held that the statutory remedy was not exclusive. That decision was rendered in 1918, and is based upon a construction of the various articles of the statute. Since that decision, there has been a re-enactment of all statutory provisions pertaining to usury, and we think the construction given in prior decisions became a part of article 5073 as re-enacted.

The judgment of the Court of Civil Appeals as to plaintiff in error J. S. Manning is affirmed. The judgment of the Court of Civil Appeals fixing the amount of unpaid principal of the $15,000 note is also affirmed. The judgment reversing and remanding the case as to Federal Life Insurance Company is also affirmed, but the instructions to the trial court are hereby set aside, and the trial court will proceed in accordance with this opinion.

Opinion adopted by the Supreme Court.