## DEMING INV. CO. et al. v. CLARK et ux.

### No. 1591.

Court of Civil Appeals of Texas. Waco.

Nov. 7, 1935.

On Rehearing Dec. 5, 1935.

Read, Lowrance & Bates, of Dallas, and J. K. Brim, of Sulphur Springs, for appellants.

Roach & Roach, of Commerce, and Neyland & Neyland and H. L. Carpenter, all of Greenville, for appellees.

ALEXANDER, Justice.

This action involves a complaint of usury. On May 2, 1921, George H. Clark and wife executed and delivered to Deming Investment Company one principal note in the sum of $2,500, due in ten years, bearing interest at the rate of 6 per cent. per annum, payable annually as it accrued in accordance with interest coupons attached, which note was secured by a deed of trust on certain land in Hopkins county. As a part of the same transaction, Clark and wife executed and delivered to Deming Investment Company ten additional notes, the first one for $88.85, due April 1, 1922, and the remaining nine notes for $100 each, payable one each year on April 1, 1923, to 1931, inclusive  These notes were secured by second deed of trust on the same land.  The first lien note provided for acceleration of the maturity thereof at the election of the holder in the event of failure to pay the annual interest as it accrued, and, further, that the makers had the privilege of paying $100 or any multiple thereof, or the whole amount of said note at the maturity date of any interest coupon on and after April 1, 1926.  The first deed of trust provided, in part, as follows: "If default be made in the payment of said note or any installment of interest thereon * * the whole sum of money herein secured and all interest thereon to the date of payment thereof to be computed at ten per cent per annum from the date of exercise of option herein, may at the option of the holder of the note hereby secured and without notice be declared due and payable at once. * * *"

The second deed of trust contained the following clauses:

"This deed of trust, however, and all indebtedness secured by the same, is subordinate to the lien of the first deed of trust of even date herewith; executed by the first party to Robert O. Deming, trustee, in favor of The Deming Investment Company, and it is understood that The Deming Investment Company, while advancing the money to the first party on said loan, is acting merely as the agent of the first party for the negotiation of the same in the market, and the notes secured by this deed of trust (except as may be hereinafter stated) represent the earned commission which the party of the first part agrees to pay to the third party for the negotiation of said loan, regardless of any payment on the

first lien note prior to its maturity. * * *

"* * * if default be made in the payment of any of said notes * * * the whole sum of money herein secured may, at the option of the holder of the notes and without notice, be declared due and payable at once, and this mortgage may thereupon be foreclosed immediately for the whole sum of said money, interest and costs, anything in this mortgage or said notes contained to the contrary notwithstanding. * * *

"And is further agreed that if sale is made by trustee under the power in said first deed of trust, out of such money as remains in said trustee's hands after the payment of expenses of sale and the debt and other items mentioned in said first deed of trust, there shall be paid to the owner of the notes secured by this second deed of trust the amount due and unpaid thereon (or such amount as remains in said trustee's hands if not sufficient to pay all due), and this clause shall be construed as an assignment of such amount and as an order on said trustee to pay the same to the owner hereof."

The note secured by the second deed of trust did not contain any provision for accelerated maturity, but did contain the following clause: "This note is secured by Second Deed of Trust, of even date herewith, on real estate situate in Hopkins County, Texas, and is given as earned commission agreed to be paid for the negotiation of a loan of even date herewith, described in and secured by a First Deed of Trust, executed by the makers hereof to Robt. O. Deming, Trustee."

The first lien note was assigned to Rutland Savings Bank and the second lien notes retained by Deming Investment Company.  During the life of the loan Clark paid to Rutland Savings Bank as interest the sum of $1,518.03, and paid to Deming Investment Company on the second lien notes the sum of $888.85.

In January, 1933, Clark and wife brought this suit against Deming Investment Company, Rutland Savings Bank, and others to enjoin a sale of the land by the trustee under the first deed of trust and to have the contracts declared usurious and to have applied as a credit on the principal of the $2,500 note the full amount theretofore paid by plaintiff on all of said notes. The Deming Investment Company and Rutland Savings Bank filed general answers,

and, in addition, the bank sued to recover on the $2,500 note and to foreclose its lien on the land. The trial court in a trial without a jury declared the contracts to be usurious, allowed the plaintiffs credit for the sum of $2,406.88 on the $2,500 note, and awarded said bank a judgment on its cross-action for the sum of $93.12 as principal and $9.31 attorney's fees, with a foreclosure of its lien on the land. Both the Deming Investment Company and Rutland Savings Bank appealed.

■ The plaintiffs alleged, and the evidence supports an implied finding in favor of the judgment, that the Deming Investment Company was lending its own money, and was not entitled to collect a commission therefor, and that the attempt to charge a commission for making said loan was but a device for the collection of additional interest. Under these circumstances, the notes secured by the second deed of trust, which purport to have been given as a commission for making said loan, must be treated as having been given for additional interest. Deming Investment Co. v. Giddens (Tex.Civ.App.) 41 S.W.(2d) 260; Temple Trust Co. v. Stobaugh (Tex.Civ.App.) 59 S.W.(2d) 916; Adleson v. B. F. Dittmar Co., 124 Tex. 564, 80 S.W.(2d) 939.

■ Under well-established principles the notes and the two deeds of trust constitute in effect but a single instrument, and must all be construed together as one contract. Braniff Investment Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45.

■ The first deed of trust authorized the holder to declare due the debt secured thereby and to collect the same in the event of failure to pay any of the annual interest coupons attached thereto as they matured. If there had been anything in the wording of the second lien notes or in said deeds of trust to show that the second lien notes had been given for unaccrued interest on the first lien note, then, in the event of acceleration of the maturity of the first lien note, the holder of the second lien notes might not have been able to have enforced payment of so much of the debt evidenced thereby as represented unaccrued interest. But there was nothing in any of these instruments to disclose this fact. In fact, the record shows the contrary, and the second deed of trust in positive terms requires the makers to pay said notes, "regardless of any payment on the first lien note prior to its maturity." We think

this second deed of trust in unmistakable terms evidences an intention to require the makers to pay the second lien notes, even though the first lien note should be paid before its final due date in accordance with the option therein provided for or in the event said note should be declared due and should be satisfied through foreclosure proceedings or otherwise before the interest represented by the second lien notes had accrued. It is plain that, if the first lien note had been paid in full on April 1, 1926, as provided for therein, or if it had been declared due at the end of the first year for failure to pay the interest coupon attached and the makers had been required to pay the principal note, together with the full amount of the second lien notes, as provided in the second deed of trust, the makers would have been required to pay more than 10 per cent. per annum for the use of the money. Under these circumstances, the contract was usurious. Manning. v. Christian, 124 Tex. 517, 81 S.W.(2d) 54; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269; Dallas Trust & Savings Bank v. Brashear (Tex.Com.App.) 65 S.W.(2d) 288.

■ The contention of the Rutland Savings Bank that, since it was a good-faith purchaser for value of the first lien note, it was not chargeable with notice of the contract for usury as contained in the second deed of trust, seems to have been overruled in Braniff Investment Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45, par. 5. See, also, Manning v. Christian, supra; Dallas Trust & Savings Bank v. Brashear, supra.

■ Likewise, appellants' contention that appellees' only remedy under the provisions of Revised Statutes, Art. 5073, was an action to recover double the amount of usurious interest paid was overruled in Manning v. Christian, 124 Tex. 517, 81 S.W.(2d) 54, par. 6.

■ The trial court did not err in holding that the contract in question was usurious. However, we think there was error in other portions of the judgment. The evidence shows that, after the execution of the notes, Clark made payments to Deming Investment Company totaling $888.85 and payments to Rutland Savings Bank totaling $1,518.03, making in all $2,406.88. The trial court entered judgment in part as follows: "It is therefore ordered, adjudged and decreed by the court that the plaintiffs,

George H. Clark and wife, Ella Clark, do have and recover of and from the defendants, The Deming Investment Company, a corporation, and the Rutland Savings Bank, a corporation, the said sum of $2,406.88 to be applied as a credit upon said principal note of $2,500.00, and it is further ordered, adjudged and decreed by the court that the defendant, the Rutland Savings Bank, a corporation, which is now the legal owner and holder of said $2,500.00 note, do have and recover of and from the plaintiffs the sum of $102.43, being the balance due upon said note of $2,500.00, after the said credit of interest is allowed, and ten per cent. attorney's fees upon said balance as provided in said note."

This, we think, was error. The trial court should not have entered judgment against Deming Investment Company for any sum, but, since the notes held by that company represented usurious interest and were therefore void, the court should have canceled said notes as prayed by plaintiff. The Rutland Savings Bank was not entitled to collect any interest on the note held by it because the contract was usurious and the agreement to pay interest was void. Hence it was proper to credit said note with the sum of $1,518.03 that had been paid by appellees to the Rutland Savings Bank as interest. But it was not proper to credit said note with the sum of $888.85 paid by appellees to Deming Investment Company on the notes held by the latter. The Rutland Savings Bank never received this money, and as a consequence it was not required to give appellees credit therefor on the note held by it. Ward v. Pace (Tex.Civ.App.) 73 S.W.(2d) 959 (writ refused).

The judgment of the trial court will be reformed by striking out that part of the judgment above quoted, and in lieu thereof judgment will be entered against Deming Investment Company canceling the second lien notes held by it and against Rutland Savings Bank crediting its $2,500 note with the sum of $1,518.03, and judgment will be entered in favor of Rutland Savings Bank against Clark for the balance of the principal of its note, to wit, $981.97, together with 10 per cent. attorney's fees, making a total of $1,080.16, and for foreclosure of its lien as prayed. The judgment of the trial court in all other respects will be allowed to stand. Said judgment as reformed is affirmed.

## Opinion On Motion for Rehearing.

Appellant Rutland Savings Bank insists that we were in error in not allowing it interest at 6 per cent. per annum on the unpaid principal of its indebtedness from the due date thereof. We are of the opinion that appellant is correct. The principal note was dated May 2, 1921, and matured April 1, 1931. The contract provided for a usurious rate of interest from date to maturity. We have held that this agreement for interest was void under the provisions of Revised Statutes, Art. 5071. Hence there was no valid contract for interest. Revised Statutes, Art. 5070, provides: "When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable." By virtue of the provisions of this statute, appellant was entitled to interest at 6 per cent. per annum on the unpaid balance of its indebtedness from and after April 1, 1931, the due date thereof. The judgment heretofore entered will be reformed so as to allow the Rutland Savings Bank judgment for the unpaid principal of its indebtedness amounting to the sum of $981.97, with accrued interest in the sum of $266.53, plus attorney's fees in the sum of $124.85, making a total of $1,373.35, with interest thereon at 6 per cent. per annum from this date, together with foreclosure of its lien and costs.

Appellant's motion for rehearing in all other respects is overruled.