## DEMING INV. CO. et al. v. STIGALL.

### No. 8256.

Court of Civil Appeals of Texas. Austin.

May 6, 1936.

Appellee's Motion Granted in Part and in Part Overruled May 20, 1936.

Appellant's Motion Overruled May 27, 1936.

Read, Lowrance & Bates, of Dallas, and Bryan & Maxwell, of Waco, for appellant National Life Ins. Co.

E. A. Camp, of Rockdale, for appellees.

BAUGH, Justice.

This case involves the question of usury. It arose under the following facts: On February 28, 1923, W. J. Stigall and wife executed and delivered to the Deming Investment Company their note for $2,000, due ten years after date, bearing interest at the rate of 5½ per cent. per annum, evidenced by ten coupon interest notes thereto attached. They also executed a deed of trust on 63½ acres of land in Milam county, to secure the payment of said note. On the same date they executed to the Deming Investment Company, as additional interest on said principal note, ten notes in the sum of $30 each, said notes maturing annually on March 1st, from 1923 to 1933. These latter notes were secured by a second deed of trust on the same lands.

The principal note, with the coupon interest notes attached, and the deed of trust lien securing its payment, were assigned on June 29, 1923, by the Deming Investment Company to the National Life Insurance Company, appellant herein. The Deming Investment Company retained the second series of notes. The Deming Investment Company collected the interest notes above described each year. It retained each year $30 paid on the second series, and remitted the $110 paid on the coupon notes attached to the principal note, to the National Life Insurance Company. As the notes were paid, they were surrendered to appellee. This course was followed for a period of nine years, during which time Stigall paid to the Deming Investment Company $1,260, of which sum $990 was remitted by it to the insurance company in payment of interest on the principal note, and $270 was retained by the Deming Investment Company, in payment of the notes retained by it. On March 30, 1933, Stigall and wife brought this suit seeking the cancellation of the last coupon interest note for $110 secured by the first deed of trust, and the cancellation of the last of the second series of $30 notes secured by the second deed of trust, and sought to have all payments theretofore made by them credited on the principal note as usurious interest. Deming Investment Company filed a disclaimer. The National Life Insurance Company sought by cross-action judgment for the full amount of the debt claimed by it, that is the $2,000 note, interest, and attorney's fees, and for foreclosure of its deed of trust lien.

Trial was to the court without a jury, and judgment rendered decreeing said loan to be usurious, crediting the principal note with the $1,260 paid by the Stigalls, and rendering judgment against W. J. Stigall for the sum of $891, and for foreclosure of its lien on the land involved to that extent. From this judgment, the National Life Insurance Company has appealed.

Appellant first contends that the contract was not usurious; and, secondly, if the court holds that it was usurious, then that the trial court erred in allowing as a credit on the principal note the $270 paid by appellees to the Deming Investment Company and retained by it. That is to say, if appellees are entitled to credits for usurious interest paid, such credits should be limited to the $990 paid to appellant. Extended discussion of the issues here presented is not necessary. The identical questions presented in this case were involved in the case of Hamilton v. Bill, 90 S.W.(2d) 929, and disposed of in an able and well-considered opinion by Judge Leslie of the Eastland Court of Civil Appeals. The Supreme Court has recently refused a writ of error in that case. We have compared the instruments involved in this case with those quoted from in the Hamilton Case, and find that the provisions of the second deed of trust in the instant case are identical with the

provisions italicized in the report of the Hamilton Case on page 933 of 90 S.W. (2d). The court held in that case that these provisions rendered the contract usurious and brought it within the rule announced in Shropshire v. Commerce Farm Credit Company, 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269, and other cases cited in the Hamilton Case.

█ It was also held in Hamilton v. Bill that the maker of the note was not entitled to have credited on the principal note held by a third party the amount paid to the Deming Investment Company on the second series of notes retained by the latter company. In so far, therefore, as the trial court credited the principal note held by appellant with the $270 paid to the Deming Investment Company and retained by it, the judgment is erroneous. This issue likewise was fully discussed by Judge Leslie in Hamilton v. Bill, to which we refer without further discussion of it here.

Inasmuch as we are not in possession of sufficient data upon which to reform and affirm the judgment of the trial court, the cause will be reversed and remanded to the trial court with instructions to render judgment in accordance with this opinion and holdings announced in the case of Hamilton v. Bill hereby referred to for guidance.

Reversed and remanded with instructions.

On Motion for Rehearing.

On motion for rehearing appellees pray that, based on facts shown of record, instead of reversing and remanding this cause with instructions, we reform and affirm same in accordance with our original opinion. We have concluded that the motion should to this extent be granted. The record discloses payments made by appellees on said $2,000 note aggregating $990 up to March 1, 1933, which should be credited as payments on the principal. The judgment of the trial court is therefore reformed so as to render judgment in favor of appellant National Life Insurance Company against W. J. Stigall for the sum of $1,010, with interest thereon from March 1, 1933, at the rate of 6 per cent. per annum, together with 10 per cent. additional thereon as attorney's fees; and for foreclosure of its lien on said lands

to that extent against both W. J. Stigall and wife, Maud Stigall. In all other respects, the judgment of the trial court is not disturbed. As so reformed, the judgment of the trial court will be affirmed.

Granted in part and in part overruled.