TEMPLE TRUST COMPANY ET AL V. J. E. MURFEE, SR., ET UX.

No. 6939. Decided April 5, 1939.
(126 S. W., 2d Series, 643.)

*Jno. B. Daniel* and *W. R. Brown,* both of Temple, *Critz & Woodward,* of Coleman, and *Bean, Duggan & Bean,* of Lubbock for appellants.

If the loan contract should be held usurious, the appellees were only entitled to have credited upon the principal of the $1,700.00 note held by appellant the interest actually paid upon such note. by appellees, and none of the interest paid on other notes of the series should have been applied to the extinguishment of the principal of the note held by appellant. Dietzel v. Martin, 68 S. W. (2d) 159; Ward v. Pace, 73 S. W. (2d) 959.

*Vickers, Campbell & Evans,* of Lubbock, for appellees.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals, at Amarillo, has presented the following certificate:

"January 8, 1924, J. E. Murfee and his wife, Sarah Murfee, obtained a loan of $4950.00 from the Temple 'Trust Company for which they executed and delivered a series of ten notes, aggregating the principal sum of $5500.00.

"The first and second notes were each for $250.00, the third for $300.00, the fourth, fifth, sixth, seventh, eighth and ninth each for $500.00, and the tenth for $1700.00. These principal notes were due, the first on March 1, 1925, and one on March 1st of each year thereafter until the entire series was paid. Each note provided for interest at the rate of seven per cent per annum, beginning February 15, 1924, evidenced by coupon notes attached which were due and payable semi-annually on March 1st and September 1st each subsequent year until discharged. Each note and coupon was to bear interest at the rate of ten per cent per annum on principal and interest after maturity.

"The payment of the amount evidenced by the principal notes and the interest coupons was secured by a deed of trust covering Lot No. 4 in Block No. 137 of the original town of Lubbock. The deed of trust provided that if default was made in the payment of any note or coupon for five days after maturity, then at the option of the Temple Trust Company, or its assigns, the principal and interest then accrued should at once become due and payable.

"These instruments do not on their face disclose that the loan contract was usurious, but the extrinsic evidence shows that when the loan was made the Temple Trust Company deducted $550.00, or ten per cent, of the $5500.00 evidenced by the principal notes, and demanded and collected seven per cent, or $385.00, on the $5500.00 for the first year, which is approximately nineteen per cent on the $4950.00 actually advanced.

"The Temple Trust Company sold and transferred the first, second and third notes of the series to Mrs. J. L. Zurovec, and sold and transferred the remainder of the series to C. H. Blum, now deceased. Under the will of C. H. Blum, Henry Blum and W. F. Blum, Jr., acquired notes 4 to 10, inclusive, and transferred the notes so acquired to Mrs. Gus Koch, who sold and trans-

ferred note No. 10 to the Farmers State Bank of Temple in 1933.

"J. E. Murfee, without knowledge, actual or constructive, of the transfer and sale by the Temple Trust Company of said notes, or any of them, paid to said Trust Company, the payee, the principal of each of the first nine notes on its due date, which aggregated $3800.00, and paid the interest on the entire series of notes to March 1, 1933, or the amount of $2567.00. He thereafter paid to the receiver of the Temple Trust Company, H. G. Glenn, who qualified March 11, 1933, interest amounting to $60.40.

"The Bank received no interest except such as accrued on note No. 10, after the purchase thereof by the Bank, and that interest was received from the Temple Trust Company as paid to it by Mr. Murfee, to whom the principal notes and coupon notes paid were sent by the Temple Trust Company, with nothing to indicate the sale of said notes or coupons.

"Subsequent to these payments, Mr. Murfee applied to Mr. Glenn, the receiver, for an extension of the payment of the $1700.00 note for a period of one year, and was advised of its transfer to the Farmers State Bank of Temple.

"February 15, 1934, Mr. Murfee instituted suit in the District Court of Lubbock County against the Temple Trust Company, H. C. Glenn its receiver, and the Farmers State Bank of Temple, to have the transaction declared usurious, the interest which he had paid, $2627.40, or the necessary part thereof, applied to the payment of note No. 10, and the entire indebtedness cancelled and the lien declared null and void.

"The Temple Trust Company, by H. C. Glenn the receiver, as a defense asserted the loan was not usurious, that no more than seven per cent interest had been paid in any one year on the indedtedness outstanding, that all of said notes had been sold and transferred by it to other parties, and the Farmers State Bank of Temple had acquired and was the owner of note No. 10.

"The Farmers State Bank of Temple adopted the defense urged by the receiver, claimed to be an innocent purchaser of said note for value, asked for judgment thereon and a foreclosure of its lien on the lot against Mr. Murfee and his wife; that in no event could the interest paid on the first nine notes of the series be applied as a payment on the principal of its note. It also impleaded Mrs. Gus Koch, Henry Blum and W. F. Blum, Jr., each of whom had endorsed the note, and sought in the event that it was denied a recovery and a foreclosure against the Murfees that it have personal judgment against said impleaded defendants.

"The court before whom the case was tried, without the intervention of a jury, adjudged the loan transaction usurious, that the principal on each of the first nine notes of the series had been satisfied as it matured, that the interest paid by Mr. Murfee on all the notes, or the necessary amount thereof, be applied to the payment of the $1700.00 note held by the bank, the note cancelled, the lien held null and void, and that the Farmers State Bank recover from the impleaded defendants, jointly and severally, the sum of $2022.69 as principal, interest and attorney's fees.

"The Bank, the only party giving notice of and prosecuting an appeal, contends that the application of the interest received by the owners of the first nine notes to the payment of principal on its note was error.

"In view of the law questions presented, we deem it advisable to certify to your Honorable Court the following:

"Should the interest paid by Murfee to the Temple Trust Company, and received by the transferees owning the first nine ·of said series of notes, be applied to the payment of the principal of note No. 10 of the series, owned by the Farmers State Bank?"

From the certificate of the Court of Civil Appeals we must assume that the loan was usurious, and our opinion is based on that assumption.

The question propounded can no longer be considered an open one. In the case of Ward v. Pace, 73 S. W. (2d) 959, it was held, in case of a usurious loan, that payments made upon second lien notes in the hands of one owner, although constituting payments of usurious interest, could not be applied in reduction of the principal note held by a transferee, who had not received any part of such payments. A writ of error was refused in that case.

In the case of Hamilton v. Bill, 90 S. W. (2d) 929, the Court of Civil Appeals at Eastland, upon authority of Ward v. Pace, supra, made the following holding, as disclosed by the syllabus:

"Usurious interest paid on separate interest notes retained by original payee after principal notes had been assigned held not deductible from principal debt recoverable from maker by owner of the principal notes."

The court supported its holding with a forceful argument, as shown by the following excerpt from the opinion:

"It is clear that the borrower may elect to have the inter-

est payments applied on the principal or 'he may prefer to sue for the penalties.' The significance of this proposition as applied to the instant case lies in the fact that if a borrower voluntarily becomes a party to a usurious contract, or a contract void as to the usurious interest, he need not pay such usurious interest to the person owning such usurious interest note, the same being void by statute. He may repudiate it and tender the amount of such usurious interest to the owner of the principal note as a legitimate payment, in part, at least, of that obligation. Manisfestly, it would be unfair to permit the borrower to make such voluntary payment of usurious interest and thus honor the void contract in the hands of its owner, the Deming Investment Company in the instant case, and then proceed to have the amount thus paid applied to the valid principal owned by another and different person, in this case the plaintiff, Mrs. Ruth S. Bill, who had never owned the usurious interest notes paid to the investment company, or in any way benefited from their payment in the sum of $700.

"If in such a situation the borrower desires to apply his money payments on the principal in the hands of the very person who owns it, the statute, by declaring such contract void as to usury, clearly marks the way and removes all obstacles to his doing so. On the other hand, if he elects to pay the usurious interest note to the one who owns it, but does not own the principal note, then he may recover the penalty from him to whom he paid it, but he cannot offset the amount of the usurious interest so paid against the amount of the valid debt in the hands of a different owner."

The Court further emphasized the fact that the Supreme Court had refused writ of error in the case of Ward v. Pace, and put squarely before the Supreme Court the necessity of approving or disapproving the holding in that case. Writ of error was refused in said case of Hamilton v. Bill.

The exact question was again decided by the Court of Civil Appeals at Austin in the case of Deming Investment Company v. Stigall, 94 S. W. (2d) 815; the court basing its opinion upon Hamilton v. Bill, supra. Writ of error was refused in that case.

The precise question was again decided in the case of General American Life Insurance Company v. Hamor, 95 S. W. (2d) 975, the court citing Hamilton v. Bill and Ward v. Pace. Writ of error refused in that case by the Supreme Court.

A like holding was made in the case of Deming Investment Company v. Clark, 89 S. W. (2d) 853, by the Court of Civil Appeals at Waco, and in that case writ of error was dismissed

for want of jurisdiction. However, the action of the court necessarily constituted an approval of the opinion by the Court of Civil Appeals in the respect mentioned.

It follows that the question propounded by the Court of Civil Appeals should be answered in the negative.

Opinon adopted by the Supreme Court April 5, 1939.