## FARMERS STATE BANK OF TEMPLE v. MURFEE.

### No. 5227.

Court of Civil Appeals of Texas. Amarillo.

Dec. 2, 1940.

Rehearing Denied Jan. 13, 1941.

**500**

Cox & Brown, of Temple, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

JACKSON, Chief Justice.

The record shows that on January 4, 1924 J. E. Murfee and his wife, Sarah E., made a written application to the Temple Trust Company for a loan of $5,500 for a period of ten years and on January 8th thereafter obtained the loan which was evidenced by their ten promissory notes aggregating the principal sum of $5,500. The first and second notes were for the sum of $250, the third for the sum of $300, the fourth, fifth, sixth, seventh, eighth and ninth each for the sum of $500 and the tenth for $1,700. The principal notes were due the first on March 1, 1925 and one on March 1st each year thereafter until the notes were discharged. Each note provided for interest at the rate of 7% per annum from February 15, 1924 evidenced by interest coupon notes attached, payable semiannually on March 1st and September 1st each subsequent year until the indebtedness was paid.

The payment of the ten notes aggregating the sum of $5,500 and the interest coupon notes attached were secured by a deed of trust on Lot 4 in Block No. 137 of the original town of Lubbock.

The Temple Trust Company sold and transferred the first, second and third notes to Mrs. J. L. Zurovec and sold and transferred the remainder of the series to C. H. Blum, now deceased. Under the will of C. H. Blum, Henry Blum and W. F. Blum, Jr., acquired notes Nos. 4 to 10, inclusive, and transferred the notes so acquired to Mrs. Gus Koch who thereafter transferred and assigned note No. 10 for $1,700, the note involved in this litigation, to the Farmers State Bank of Temple.

J. E. Murfee paid to the Temple Trust Company, the payee, the principal of the first nine notes which aggregated the sum of $3,800 and in addition thereto paid $2,567.40 interest on the series of ten notes to March 1, 1933. The Temple Trust Company remitted the amounts so received to the parties to whom it had sold the notes and $897.46 was paid to the then owner of note No. 10 as interest but this was prior to its purchase by the Farmers State Bank, which neither collected nor received any of said $897.46 nor did it receive any payment made on any of said notes except $238 interest accruing on note No. 10 after the bank became the owner thereof.

On February 15, 1934, J. E. Murfee and wife, plaintiffs, instituted this suit in the District Court of Lubbock County against the Temple Trust Company, its receiver, H. C. Glenn, and the Farmers State Bank of Temple to have the entire loan transaction declared usurious and all the interest theretofore paid, amounting to $2,627.40, or the necessary part thereof, applied to the payment of note No. 10, the indebtedness cancelled and the lien on the real estate securing the payment thereof declared null and void.

The Temple Trust Company by its receiver answered that the loan was not usurious and alleged that all the notes had been transferred to and paid to other parties and that the Farmers State Bank had acquired and was the owner of note No. 10, the last in the series.

The Farmers State Bank adopted the answer filed by the Temple Trust Company, and in addition claimed to be an innocent purchaser of note No. 10 for $1,700, asked for judgment and foreclosure of its lien on the property described and pleaded that in no event could any sum of money paid on the series of notes prior to its purchase of note No. 10 be applied as a payment on its note inasmuch as the bank did not receive any part of the money so paid. The bank also impleaded the parties from whom it had purchased the note and by whom the note was endorsed and sought in the event it was denied a recovery and foreclosure against the Murfees that it have personal judgment against the parties impleaded.

This is the second appeal of this case.

On the former appeal this court certified to the Supreme Court for its determination the following question: "Should the interest paid by Murfee to the Temple Trust Company and received by the transferees owning the first nine of said series of notes be applied to the payment of the principal of Note No. 10 of the series owned by the Farmers State Bank?" This question was answered in the negative in an opinion by the Supreme Court reported in 133 Tex. 53, 126 S.W.2d 643, to which we refer for a more complete history of the transaction.

The case was returned to this court, we held the loan transaction usurious and remanded the case for the reason that the record did not contain sufficient data to determine the amount for which judgment should be rendered. Temple Trust Co. et al. v. Murfee et ux., 129 S.W.2d 773.

While the suit was pending J. E. Murfee died testate but had by will bequeathed and devised all of his property to his surviving wife, Mrs. Sarah E. Murfee, who was substituted as plaintiff in the suit and adopted the pleading theretofore filed by plaintiffs.

Before the second trial, by supplemental petition, Mrs. Sarah E. Murfee individually and as executrix of the estate of J. E. Murfee, deceased, alleged that $550 was added to the $4,950 as bonus or interest and included in note No. 10 as a part of the principal of the $1,700 note owned by the Farmers State Bank, asserted the bonus was interest rendering the loan contract void because of usury and prayed that the entire amount thereof in addition to all the interest paid to prior owners of said note and all the interest paid to the Farmers State Bank be deducted from the $1,700 of the bank.

The case was again tried before the court without the intervention of a jury and all relief sought against the Temple Trust Company, its receiver and the parties impleaded was denied. The court adjudged the loan contract to be usurious because there was included in the total sum of $5,500 a bonus of $550 and the Murfees had received only $4,950 which constituted the entire principal of the loan. He found that the Murfees had theretofore paid on the principal of the first nine notes $3,800 which he applied as a payment on the $4,950. He deducted the $897.46 interest paid to the owner or owners of note No. 10 prior to its purchase by appellant, the $238 interest paid to and received by appellant and the entire $550 bonus from the note for $1,700 owned by the bank, leaving due $14.54 with interest thereon at the rate of 6% per annum from March 1, 1934, with 10% attorneys' fees, or a total of $24.80; directed that the plaintiff, individually and as executrix of the estate of J. E. Murfee, Sr., deceased, pay the amount of the judgment into the registry of the court for the appellant; that the debt evidenced by said note and secured by the lien be cancelled; provided that if appellee failed to pay the judgment

the lien was foreclosed and an order of sale directed to issue and the land be sold to satisfy the judgment and costs. From this judgment the Farmers State Bank alone prosecutes this appeal.

No complaint is made of the action of the court in adjudging the loan contract usurious.

The loan contract—composed of the series of ten notes and the deed of trust —is not on its face usurious but the extrinsic testimony shows that the contract was tainted with usury because there was added to the valid debt of $4,950 a bonus of $550.

The appellant bank by proper assignments contends that the judgment of the trial court is erroneous because its note for $1,700 should only be charged with the amount of interest received by the bank and cannot be charged with interest it did not receive nor with the entire bonus of $550.

The appellee by counter propositions says that interest paid by the maker of a usurious note to the holder must be credited upon the principal of such note in the hands of any subsequent holder and that interest so paid to the subsequent holder of one of a series of usurious notes likewise must be credited on the principal of such serial note in the hands of any subsequent purchaser at the election of such maker. She therefore claims that since appellees had paid or caused to be paid to the owner or owners of note No. 10, $897.-46 as interest previous to the purchase thereof by appellant and had in addition paid to appellant interest in the sum of $238 and as the bonus of $550 was included in the $1,700 note the aggregate of which items is $1,685.46, the court correctly deducted this amount from the $1,700 and adjudged the balance due to be $24.80.

We deem it unnecessary to discuss at length appellee's claim that the $897.46 paid by the Murfees to the holder or holders of note No. 10 before its purchase by appellant should be credited on said note since in our opinion this question is settled adversely to the contention of appellee. Hamilton et al. v. Bill et al., Tex.Civ.App., 90 S.W.2d 929, holds that it would be manifestly unfair to permit a borrower to voluntarily pay usurious interest and thereby honor the void contract in the hands of its owner and then have the amount thus paid applied to the principal owned by another and different person,

citing in support of such holding Commerce Trust Co. v. Best, 124 Tex. 583, 80 S.W.2d 942; Ward et al. v. Pace et ux., Tex.Civ.App., 73 S.W.2d 959; Dallas Trust & Savings Bank v. Brown, Tex.Civ.App., 48 S.W.2d 1044; Deming Inv. Co. v. Giddens et ux., Tex.Civ.App., 41 S.W.2d 260. See also Temple Trust Co. v. Murfee, supra, and authorities therein cited.

The appellee to sustain her position that the entire bonus of $550 was included in the tenth and last note of the series relies mainly on the case of Temple Trust Co. v. Stobaugh, Tex.Civ.App., 59 S.W.2d 916, and Temple Trust Co. et al. v. Haney, Tex.Civ.App., 103 S.W.2d 1036, however, other authorities are cited.

In Temple Trust Co. v. Stobaugh, supra, the Austin Court of Civil Appeals, speaking through Judge Baugh, holds that the contract there involved, though evidenced by series of notes, constituted but a single transaction and in harmony with the Texas decisions announced in effect that all sums contracted to be paid in excess of the amount of the actual loan, whatever subterfuge was used to conceal the usury, is interest whether called excess or premium or bonus. He also says that all sums paid on a usurious contract are by law applied to the principal and finds as a fact that the bonus in that case was carried over to and included in the last note and on such finding bases his holding.

In that case the Temple Trust Company retained ownership of all the notes, collected and applied the usury paid, and the question of requiring a subsequent owner to credit on the principal of his note the illegal interest voluntarily paid by the maker to, and appropriated by the preceding owner was not involved and therefore not passed on. The decision seemingly is based primarily on two grounds, first, a holding that the law automatically applied all illegal interest paid, no matter what subterfuge was used to conceal the usury, to the reduction or cancellation of principal and, second, the finding by the court that the record disclosed that the so-called bonus was not distributed in the notes proportionally but was all incorporated in the last note. The holding that the law automatically credited the usury paid to the principal, if it was ever applicable to a subsequent holder of a usurious note, has been essentially modified; Adleson et ux. v. B. F. Dittmar Co., 124 Tex. 564, 80 S.W.2d 939; Temple Trust Co.

v. Haney, supra, in which it is held that the borrower is entitled to have the interest paid on a usurious contract applied to the principal or if he prefers to sue for penalties and it is not accurate to say that such interest payments are by the law applied to the principal. None of the other authorities cited by the appellee sustain her contention.

■■ Do the facts in the instant case show that the entire bonus was incorporated in appellant's note, the tenth and last of the series? There is no testimony on the question unless contained in the written instruments composing the usurious contract. The written application was made for a loan for ten years for the sum of $5,500. The deed of trust was given to secure "the payment of ten promissory notes * * * payable to the order of the Temple Trust Company" for the "total loan" of "Fifty-five Hundred Dollars". The notes and deed of trust were executed in compliance with the written application. The $5,500 was divided into ten payments. The record is conclusive that the actual loan amounted to $4,950 and that the $550 called bonus was added to that sum, making a total of $5,500, the aggregate amount written in the face of the series of ten notes. That the amount of $4,950, the actual loan, was distributed among the ten notes pro rata according to the relation the face amount of each of such notes bore to the total valid loan is not debatable and every fact and circumstance which impels this conclusion shows with the same inescapable certainty that the $550 bonus was also distributed among the entire series of notes according to the relation in amount that each of said notes had to the amount of the bonus. It matters not whether the $550 be designated as excess, premium or bonus, it is interest and must be so considered in determining whether the contract is tainted with usury.

The first and third notes of the series aggregated the exact amount of the bonus and it might be with greater propriety concluded that these two notes, rather than the note of appellant, included the bonus. In our opinion the bonus was distributed, as was the actual loan, pro rata among the ten notes and the borrowers in the payment and satisfaction of the first nine notes of the series paid to the owners of such nine notes the pro rata part of the bonus or usury included in the loan.

The actual loan is 90% of the $5,500. The first nine notes of the series on their face aggregated the sum of $3,800. 90% of such amount is $3,420, and constitutes the part of the actual loan distributed among said nine notes, and $380, 10% of the $3,800, represents the part of the bonus written into the face of the first nine notes of the series, and appellant's note for $1,700 included $170 or 10% of the so-called bonus. In addition to the authorities heretofore cited in support of our conclusion we cite Palmetto Lumber Co. et al. v. Gibbs, 124 Tex. 615, 80 S.W. 2d 742, 82 S.W.2d 376, 102 A.L.R. 474, 482; Deming Investment Co. v. Clark, Tex.Civ.App., 89 S.W.2d 853; Commerce Farm Credit Co. et al. v. Ramp et al., Tex. Civ.App., 116 S.W.2d 1144; Wallace v. D. H. Scott & Son et al., 133 Tex. 293, 127 S.W.2d 447; Travelers Ins. Co. et al. v. Rowley et al., 133 Tex. 372, 128 S.W.2d 20; Robertson et al. v. Connecticut General Life Ins. Co., 134 Tex. 588, 137 S.W. 2d 760.

▮▮ We conclude from the decisions that the law does not automatically apply usurious interest paid to the reduction or cancellation of the principal in a usurious transaction. If the owner of a usurious contract collects illegal interest thereon he must on demand by the debtor apply all such illegal interest appropriated by him to the reduction of the principal contained in the obligation which he owns and though a stranger to the original transaction a subsequent holder of such obligation is required to apply such illegal interest to the reduction or cancellation of the principal in his obligation but cannot be required to account to the debtor for usurious interest, although designated bonus, voluntarily paid to a previous owner of such obligation. This conclusion, we think, is sanctioned by both law and equity.

The judgment of the trial court is reformed and $170, the pro rata part of the $550 bonus included in the note of appellant and the $238 interest received and appropriated by it are deducted from the $1,-700, leaving a balance of $1,292 with interest thereon from March 1, 1934 at the rate of 6% per annum, together with 10% attorneys' fees on principal and interest, and as so reformed the judgment is affirmed.

FOLLEY, J., concurring.

STOKES, Justice.

I concur in the holding of the majority with reference to the item of $897.46. That was interest paid by the appellee to the former holders of the note and appellant did not receive any portion of it. Under the well-established rule as announced in the cited case of Hamilton v. Bill, Tex.Civ.App., 90 S.W.2d 929, and the many cases following it, appellee was not entitled to have that item credited upon appellant's note because it had not been paid to appellant.

I cannot agree with the holding of the majority, however, with reference to the item of $550 designated as bonus. This is the identical question involved in the case of Cora L. Hance v. R. Q. Stubbs, 146 S. W. 492, decided by this court, the opinion in which was handed down November 25, 1940. As expressed in the dissenting opinion filed by me in that case, I was unable to agree with the majority of the court in the conclusions reached by them concerning the position in a series of notes that is occupied by an item that is deducted from the ostensible amount of a loan and ordinarily designated as a bonus. In my opinion, such an item is not, under the law, arbitrarily distributed over the entire series of notes pro rata; but, in the absence of an appropriation by the parties themselves, it is relegated to the last portion of the indebtedness. The law will not arbitrarily appropriate payments made on such indebtedness to that portion which is illegal and void as long as there is a legitimate portion of it still remaining unpaid. Such is the effect of the holding of the majority, nevertheless, and, for all of the reasons expressed in my dissenting opinion in the Stubbs case, I respectfully dissent from their holding in this case in respect to the item of $550 designated as bonus.